

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~WILL WILSON~~

**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

Honorable J. B. Draper, Chief
Driver's License Division
Texas Department of Public Safety
Austin, Texas

Dear Sir:

Opinion No. O-5693

Re: Whether a defendant in a mis-
demeanor traffic case could
legally authorize an officer of
the police court to appear for
him when his case is called for
trial and enter a plea of guilty
and use the cash fund deposited
to apply on the fine assessed by
the court.

Your letter of October 20, 1943, requesting the opinion
of this department on the above stated question reads as fol-
lows:

"Pursuant to our telephone conversation
with Mr. Heath, we are placing in writing the
following:

"Some of the larger cities accept cash
bonds in lieu of the defendant appearing for
trial in misdemeanor traffic cases. This bond
is forfeited when the defendant fails to appear
at the trial, and no trial or conviction is ac-
tually had.

"We would appreciate having your opinion as
to whether or not the defendant could authorize in
writing an officer of the Police Court, such as the
Clerk or Peace Officer, to appear for him when his
case is called for trial and enter a plea of guilty
using the cash deposited to apply on the fine as-
sessed by the court.

"If such procedure is possible, please
suggest a proper form for such receipt and ap-
pointment of agent."

Articles 518, 580, 581 and 782 of Vernon's Annotated
Code of Criminal Procedure, read as follows:

"Art. 518. A plea of guilty in a misdemeanor case may be made either by the defendant or his counsel in open court. In such case, the defendant or his counsel may waive a jury, and the punishment may be assessed by the court, either upon or without evidence, at the discretion of the court."

"Art. 580. In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial."

"Art. 581. In other misdemeanor cases, the defendant may, by consent of the State's attorney, appear by counsel, and the trial may proceed without his personal presence."

"Art. 782. The judgment in a misdemeanor case may be rendered in the absence of the defendant."

Referring to Article 518, supra, it is stated in Texas Jurisprudence, Vol. 12, p. 633:

"But notwithstanding this provision it is only in the case of finable misdemeanors that the plea may be entered by the defendant's counsel. Of course, no one may enter the plea for the accused without his authority; and when a plea is offered by someone other than the defendant it must be shown that the defendant authorized it to be entered."

The case Ex parte Jones, 80 S.W. 995, among other things, holds:

"THe judgment of conviction under the plea of guilty entered by constable is void and without authority of law. Whenever a party accused of crime is arrested, it is the duty of the officer to take him before the proper court, to be dealt with as provided by our statutory law, and any waiver on his part must be either by himself, or by counsel representing him."

In Ex parte Super, 175 S.W. 697, the defendant was charged with the offense of violating the gaming laws of the State and his mother attempted to enter a plea of guilty for the defendant.  The court held the plea void and said:

"The Constitution and the Statutes authorize the defendant to appear in person or by counsel, either or both, and in finable misdemeanors a plea of guilty may be entered through his counsel.  But this seems to be a limitation placed upon pleas of guilty; otherwise, the law would seem to require the presence of the defendant in court, and that he enter the plea himself.  This matter was discussed in the Jones case, supra, and it is unnecessary to review it further."

In the case of Ex parte Williamson, 177 S.W. 89, the defendant was a boy seventeen years of age charged with the offense of an affray, and his father attempted to enter a plea of guilty for his son.  The Court held in this case that a plea of guilty entered in a justice court by a father for his seventeen year old son, when not authorized by the son, was void.  This case seems to hold by implication that the son could authorize his father to enter a plea of guilty for him.  However, this exact question was not before the court and was not passed upon by it.

In view of the foregoing statutes and authorities, it is our opinion that a person charged with the violation of the traffic laws of this State, or any other finable misdemeanor, could not legally authorize an officer of the police court to appear for him and enter a plea of guilty.  It is our further opinion that only the defendant himself, or counsel representing him, could legally appear and enter a plea of guilty for the defendant.  Therefore, it is unnecessary to discuss that portion of your question relative to applying the cash bond on the fine.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:EP:wc

APPROVED NOV 4, 1943
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee
By s/BWB Chairman