## EX PARTE SAM JONES.

### No. 2753.   Decided May 11, 1904.

**1.—Habeas Corpus—Practice After Arrest.**

Whenever a party accused of crime is arrested, it is the duty of the officer to take him before the proper court, to be dealt with as provided by our statutory law; and any waiver on his part must be either by himself or by counsel representing him.

**2.—Same—Constable Not Authorized.**

A constable is not authorized to act as an attorney and enter a plea of guilty for a party accused of crime, or to compromise with him.

**3.—Same—Void Judgment.**

Where a constable arrested relator for carrying a pistol, placed him in jail and thereupon entered a plea of guilty for him, before a justice of the peace, the judgment upon such plea is void, whether authorized by the relator or not.

Appeal from the County Court of Hunt.   Tried below before Hon. F. M. Newton.

Appeal from an order remanding relator to custody on proceeding by habeas corpus.

The opinion states the case.

*R. P. Brindley,* for appellant.—Code Crim. Proc., art. 571; Id., arts. 640, 641; also art. 630.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Relator was arrested on March 22, 1904, by an officer named Scott and placed in the calaboose in the town of Celeste.   Scott told relator that he had three cases against him, and if he would plead guilty in one case he would dismiss the other two. Relator informed Scott that he had done nothing for which he ought to plead guilty, and asked Scott who made the complaint.   Scott refused to inform him.   After Scott had repeatedly urged relator to plead guilty, relator asked him, "Suppose you have three cases against me, and I plead guilty in one case, and you dismiss the other two cases, what would the fine and costs amount to?"   Scott said he would ascertain, and subsequently came back and informed relator it would be $40.55. It seems that Scott entered a plea of guilty for relator.   Relator was never in the justice court, either in person or by attorney, and says he did not know a plea of guilty had been entered for him until on his trial on writ of habeas corpus, from which this appeal is prosecuted; that he was kept in the town of Celeste until brought to Greenville and placed in the county jail, where he has since been confined.   Before being brought to Greenville he requested Scott to take him before the justice of the peace so that he could enter a plea of not guilty and have his trial.   Scott refused to do this.   Scott testified, in behalf of the

State, that he was constable of precinct No. 2, Hunt County; that he made the affidavit against relator set out in the statement of facts, charging him with carrying a pistol in violation of the statute; that he subsequently arrested relator under a warrant issued in said case by the justice of the peace; that he incarcerated relator in the calaboose in the town of Celeste on the morning of March 22d, and kept him there until 6 o'clock p. m. of the same day, at which time he carried him to Greenville and placed him in the county jail. He further states that while relator was in the calaboose he (Scott) visited him a number of times, and informed relator that it would be best for him to plead guilty; that there were three cases against him, and if he would plead guilty in one the others would be dismissed. Relator asked what would be the amount of the fine and costs if he pleaded guilty in one case and the other cases dismissed. He went away, returned, and informed relator it would be $40.55; and that relator then stated he would plead guilty in one case if they would dismiss the other two cases; and then witness told him he would enter a plea of guilty for him; that he (Scott) went before the justice of the peace and stated that relator pleaded guilty; that relator was never at any time before the justice court, and was not represented in said court by counsel. The officer further testified that he was not an attorney at law, and did not take and approve any bond in the case; that relator has never been released since his arrest, and that the placing of him in the county jail was by virtue of a capias pro fine. He further says, "When I told relator we had three cases against him and would dismiss two if he would plead guilty in one, I meant I knew of two other cases which I agreed I would not prosecute if he would plead guilty in one." Shoemake, justice of the peace, testified that relator was never brought into his court in the cause in which he was fined; that he never saw relator before the hearing then pending in the county court under the writ of habeas corpus; that the constable informed him relator pleaded guilty; that his court was not formally open at the time; that neither party to the cause announced ready for trial, nor was a continuance demanded by either; that relator was not present in person or by attorney; that the judgment of guilty was entered upon the statement of the officer. This is the substance of the case. Upon the trial of the case, under the writ, the county judge remanded relator to custody under the judgment based upon the plea of guilty entered by constable Scott.

We are of opinion the judgment of conviction is erroneous, and so far as it is concerned relator was entitled to the relief prayed for. Article 571, Code of Criminal Procedure, uses this language: "A plea of guilty in a case of misdemeanor may be made either by the defendant or his counsel in open court; and in such case the defendant or his counsel may waive a jury, and the punishment may be assessed by the court either upon evidence or without it at the discretion of the court." Article 640, Code of Criminal Procedure, is as follows: "In all cases less

than capital the defendant is required, when his case is called for trial, before it proceeds further, to plead by himself or his counsel whether or not he is guilty." Article 955, Code of Criminal Procedure, provides: "After impaneling the jury the defendant shall be required to plead, and he may plead guilty or not guilty, or the special plea named in the succeeding article." Article 961 says: "The defendant has the right to appear by counsel as in all other cases, but not more than one attorney shall conduct either the prosecution or defense, and the counsel for the State may open and conclude the argument." The procedure further provides that the defendant may waive a jury. The plea of guilty in the justice court under which this relator is held is not in conformity with the provisions of the Code of Criminal Procedure above cited, nor is there any provision of law of which we are aware authorizing a constable to act as an attorney and enter a plea of guilty for the party accused of the crime. It is the duty of such officer to execute process of the court, and have him forthcoming either in person or by bond to stand a trial under the accusation made, which forms the basis of the arrest. Relator seems to have demanded a trial, at least he desired to be carried before the justice of the peace and enter his plea of not guilty. If his testimony is true, then the officer acted without any authority at all from relator. If the constable is correct in his testimony, then he was authorized by relator to enter a plea of guilty in this particular case, in order to avoid prosecution in two other cases, which the constable says had not been filed against him, but of which he had knowledge; and which, so far as this record is concerned, have not been filed. We are not aware of any authority justifying such action on the part of the constable, either in pleading guilty for relator in the justice court or of compromising with him by agreeing not to prosecute him in the other cases in order to secure a plea of guilty in the case for which he then held relator as a prisoner. The judgment of conviction under the plea of guilty entered by the constable is void and without authority of law. Whenever a party accused of crime is arrested, it is the duty of the officer to take him before the proper court, to be dealt with as provided by our statutory law and any waiver on his part must be either by himself or by counsel representing him. The judgment is reversed and the relator discharged in so far as this conviction is concerned.

*Discharged.*