### EX PARTE JOE GRIMES.

#### No. 4528. Decided May 30, 1917.

**1.—Void Judgment—Justice Court—Plea of Guilty.**

Where it appeared from the record on appeal on a habeas corpus proceeding asking release from arrest, that the judgment of the Justice Court was void for want of jurisdiction, in as much as the defendant had not been arrested and had not entered a plea of guilty to a misdemeanor charge in the Justice Court, and it was doubtful whether even a complaint had been filed, the judgment is void. Following Emery v. State, 57 Texas Crim. Rep., 423, and other cases.

**2.—Same—Void Process—Convict Bond—Void Judgment.**

The judgment of the Justice Court being void, the process issued in furtherance of its execution and enforcement is necessarily void. The basis for the authority to hire the relator on a convict's bond is, therefore, also void, and the defendant must be discharged. Ex Parte Duran, 40 Texas Crim. Rep., 162, and other cases.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. J. F. Perritt.

Appeal from a habeas corpus proceeding asking release under a convict's bond.

The opinion states the case.

*V. E. Middlebrook,* for relator.—Cited cases in opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This is an appeal from an order of the County Court refusing to discharge relator on his application for writ of habeas corpus. The respondent, J. W. Parrish, had executed a convict's bond wherein he had hired the relator from the county judge as a county convict who was convicted of a misdemeanor. Rev. Stats., 1911, art. 6249. The justice of the peace of precinct No. 1 of Nacogdoches County issued a capias profine for the relator about April 13, 1917. Under this he was arrested and delivered into the custody of the respondent on the execution by the latter of the bond mentioned. It appears in cause No. 2469 in said Justice Court a purported judg-

ment was entered December 1, 1916, on appellant's plea of guilty for a fine of one dollar for an offense not named therein. His claim is that he had committed no offense; that no complaint had been filed against him; he had not been arrested; had never appeared in the case, nor entered any plea. He had been convicted of drunkenness in the City Court of Nacogdoches and fine entered against him. This was in August, 1916. He removed to Kaufman County, and while there wrote a letter to the county attorney of Nacogdoches County inclosing four dollars. This, appellant claims, was sent as a payment upon the fine adjudged against him in the City Court and was sent to the county attorney instead of the city attorney, because relater thought that the county attorney had charge of all cases. That the enclosure with letter was to be applied upon this fine and no other, and that he was not aware that any case was pending against him in the Justice Court or elsewhere except the unpaid fine in the City Court. The letter was not found at the time of the trial, but the county attorney stated that he received it, and construed it into an instruction from the relator to plead guilty for him of an offense in the Justice Court. That the letter did not give him any specific authority to do so, but that was his construction of it. He says: "He told me in the letter that he was sending me a postoffice money order for four dollars to apply on his fine."

There was no complaint or other papers in the cause out of which the capias profine was issued found except the capias profine. The number of the case was 2469. The docket did not show the filing of any complaint; it was a printed docket having blanks to be filled in, and they were not filled in. There was nothing in these blanks to show who made the complaint, nor what offense it related to. Such entries as were on the docket were on page 2 of the docket in use in May, 1917. On page 1 of this docket was cause No. 2468, filed April 11, 1917, and on page 3 was cause No. 2470, filed April 14, 1917. It appeared that the docket for 1916 had been filled up, and that this cause, which appeared to have been filed on December 1, 1916, in its number and filing date, was between causes that were filed during April, 1917. This and other circumstances developed a very sharp issue as to whether in fact there had been a complaint filed against the relator in the Justice Court at all. We assume that the trial judge thought there were sufficient circumstances to justify him in concluding that there was a complaint filed. It is clear, however, that there was no arrest of the relator, and no appearance by him except such as was entered by the county attorney in entering the plea of guilty under the circumstances above detailed. We do not believe that under the facts the Justice Court acquired any jurisdiction to render a judgment against the relator, and the judgment is consequently void. Emery v. State, 57 Texas Crim. Rep., 423, 12 Am. & Eng. Ency. of Pleading & Practice, p. 179; Wilson v. State, 27 Texas Crim. App., 47; Garrett v. State, 37 Texas Crim. Rep., 198; Lawrence v. State, 2 Texas Crim. App., 479.

The purported judgment being void, the process issued in further-

ance of its execution and enforcement is necessarily void. The basis for the authority of the county judge to hire the relator to the respondent was the void judgment against relator. The bond is but a means of procedure of enforcing the judgment. Vernon's Civil Statutes, arts. 6233 and 6249 to 6256, inclusive; also art. 6240; Carter v. State, 29 Texas Crim. App., 5; Ex parte Taylor, 34 Texas Crim. Rep., 273; Ex parte Duran, 40 Texas Crim. Rep., 162. The Ex parte Chestnutt case, 39 Texas Crim. Rep., 624, was decided on the proposition that this court had no jurisdiction of the appeal because the relator had been released from custody, and was no longer held under the process under which he was restrained at the time the writ was granted. In this case the relator has not been released. The judgment, which is the basis of this appeal, contains the following: "It is, therefore, ordered and decreed by the court that the relator be, and is, in all things remanded to the custody of the respondent, J. W. Parrish." The case of Ex parte Miller, 44 Texas Crim. Rep., 422, as well as the other cases above cited, illustrate the efficacy of a convict bond in restraining the convict and keeping him in custody and the control of the court over his person.

Relator being held under the bond which is based upon void proceedings is necessarily held without due process of law. Harris' Texas Const., art. 1, sec. 19, notes 76 and 77, p. 195, and cases cited. He is entitled to his discharge, which is here ordered.

*Relator discharged.*