### MRS. J. B. CRAMER V. THE STATE.

No. 19176. Delivered November 10, 1937.

The opinion states the case.

*McClintock & Robertson,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—This is an appeal from an order of the County Court of Childress County, declining to sustain appellant's motion for a new trial.

It appears from the record that appellant was charged by complaint and information in said court with the offense of unlawfully selling intoxicating liquor in dry area.

J. B. Cramer, the husband of appellant, who was not an attorney, went into court and entered a plea of guilty for her without being authorized to do so, and before she had knowledge of said charge. Upon said plea, she was found guilty and her punishment was assessed at a fine of One Hundred Dollars. After she learned of the judgment of her conviction, she engaged attorneys to obtain a new trial for her. They filed a motion in her behalf, setting forth that she did not know of the pendency of the complaint against her, had not been arrested, and had not authorized her husband to enter a plea of guilty for her to said charge. Upon a hearing of the motion, she sustained the allegations therein contained by testimony which was not controverted, but the court declined to grant her a new trial; hence the appeal.

The punishment prescribed by Section 41 of Chapter 467, of First and Second Called Sessions of the legislature of 1935, for selling beer containing one-half of one per centum or more of alcohol by weight in dry area, is by fine of not less than One Hundred Dollars, and not more than One Thousand Dollars, or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment.

Article 580, C. C. P., reads as follows: "In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misde-

meanor when the punishment or any part thereof is imprisonment in jail."

We are of the opinion that the court in receiving the plea of guilty under the circumstances as disclosed by this record, and assessing her punishment at a fine of One Hundred Dollars, acted without legal authority. Under the provisions of Article 580, C. C. P., the court was without authority to proceed with the trial of the case in the absence of appellant. See Love v. State, 71 Texas Crim. Rep., 259.

Moreover, it seems to be well settled in this State, that one accused of a misdemeanor may in person or by his attorney enter a plea of guilty; but no one, unless properly authorized, has a right to deny one charged with an offense, his day in court by entering a plea of guilty for him. See Ex parte Super, 175 S. W., 697; Ex parte Williamson, 177 S. W., 89.

For the errors herein discussed, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.