## TROY GORDON DEEN v. THE STATE.

No. 23387. Delivered June 12, 1946.

The opinion states the case.

*Smith & Smith,* of Anson, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

From a conviction for driving while intoxicated an automobile upon a public highway, with an assessed fine of $50.00, appellant appeals.

The complaint and information were filed on December 26, 1945, and alleged that the offense was committed on December 22, 1945.

The judgment is dated December 26th and recites that appellant appeared before the court and entered a plea of guilty after being admonished by the court of the consequences thereof.

Upon the hearing of a motion for new trial the following facts were developed: Appellant was arrested on December 22nd by a highway patrolman and turned over to the Sheriff of Jones County. The County Judge was out of the county and was not expected to return before December 26th. Appellant asked the sheriff what the fine would be and was advised that he (the sheriff) did not know exactly but it would likely be $50.00 and a suspension of his driver's license for six months, and that the court costs would be $20.80, whereupon appellant gave the sheriff a check for $70.80, and delivered to the sheriff his (appellant's) driver's license, and appellant was released by the sheriff. When the County Judge returned on December 26th, the complaint and information were filed and judgment entered. Appellant was never in court and never authorized anyone to enter a plea of guilty for him. The sheriff evidently construed appellant's act in giving the check as such authorization and says he was doing what he did to help appellant. Conceding that all parties were acting in good faith, the fact remains that appellant was never before the court, and no attorney nor anyone else was before the court who was authorized to represent appellant. Under the circumstances, the judgment was entered without authority of law and the motion for a new trial should have been granted. The reasons for this holding are elaborated in Ex parte Jones, 46 Tex. Cr. R. 433, 80 S. W. 995; Cramer v. State, 133 Tex. Cr. R. 213, 109 S. W. (2d) 1054; Ex parte Grimes, 81 Tex. Cr. R. 405, 195 S. W. 858.

The judgment is reversed and the cause remanded.