JAMES COOPER V. THE STATE.

No. 23846. Delivered December 17, 1947.

*Richard F. Stovall,* of Floydada, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

The judgment recites that appellant "appeared in person" and entered his plea of guilty to selling intoxicating liquor in a dry area, and was fined $100.00.

Upon a hearing on motion for new trial the County Judge testified that the recital in the judgment that appellant "appeared in person" was not correct; that his appearance was neither in person nor by attorney, but was by the sheriff, who assumed to act under a general "power of attorney" from appellant directed to no particular person, and purporting to authorize the holder to enter the plea of guilty for appellant. Orderly procedure would condemn such practice. Appellant's contention was that he was not guilty, and that he signed the purported power of attorney because he was told to do so by

the officers, and that he thought it was only an admission by him that liquor and money found by the officers were his, and that he did not authorize anyone to plead guilty for him, and did not know that such plea had been entered until the next day; that as soon as he found it out he immediately contacted an attorney to represent him. We note some authorities cited by appellant in his brief as follows: Ex parte Williamson, 76 Tex. Cr. R. 639, 177 S. W. 89; Ex parte Grimes, 81 Tex. Cr. R. 405, 195 S. W. 858; Love v. State, 71 Tex. Cr. R. Rep. 259, 158 S. W. 532; Ex Parte Super, 76 Tex. Cr. R. 415, 175 S. W. 697; Meeking v. State, 67 Tex. Cr. R. 69, 148 S. W. 309; Ex parte Jones, 46 Tex. Cr. R. 433, 80 S. W. 995; Deen v. State, 149 Texas Crim. Rep. 402, 194 S. W. (2d) 1007.

The punishment prescribed by Art. 666-41 P. C. as amended by Acts 48th Leg., p. 518, for selling whiskey in a dry area is by fine of not less than $100.00 nor more than $1,000.00 or by imprisonment in the county jail for not more than one year, or by both such fine and imprisonment.

Art. 580 C. C. P. reads as follows: "In all prosecutions for felonies the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment, or any part thereof, is imprisonment in jail."

No attorney was present representing appellant when the plea of guilty was entered. If there had been and the plea had been entered by him for appellant, the punishment assessed being a fine only, a question might be presented as to the judgment, a jail penalty not being mandatory. Cain, et al v. State, 15 Tex. App. 41; Davis v. State, 70 Tex. Cr. R. 563, 158 S. W. 283. Under the circumstances here shown, and the prompt action of appellant when he learned that a plea of guilty had been entered for him in his absence and without counsel, the trial court should have granted a new trial. See Cramer v. State, 133 Tex. Cr. R. 213, 109 S. W. (2d) 1054, and other cases heretofore cited.

The judgment is reversed and the cause remanded.