**Richard Bryce WARREN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50908.**

Court of Criminal Appeals of Texas.

Feb. 11, 1976.

Harris Hampton, Canyon, for appellant.

Clarence L. Darter, County Atty., Childress, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a misdemeanor conviction of operating a motor vehicle upon a public road while under the influence of intoxicating liquor. The court assessed punishment at a fine of $100.00 and fifteen days in jail, but ordered that no judgment be rendered thereon and that appellant be placed on probation for a period of six months.

Appellant contends that "when the guilty plea was taken, he was not present in court nor was any attorney who represented him present."

The record reflects the following sequence of events:

(1) A judgment bearing the date of January 15, 1975 recites that appellant appeared before the court, waived a trial by jury and entered a plea of guilty to the offense of "driving while intoxicated as charged herein." The court found appellant guilty and assessed punishment at a fine of $100 and 3 days in jail.

(2) A sentence bearing the date of January 15, 1975 reflects that appellant appeared in court for pronouncement of sentence in accordance with the judgment of the court.

(3) An order of the court, dated January 16, 1975, recites:

"it was called to the attention of the court that there was new evidence that would justify the court in setting aside its previous judgment rendered on the 15th day of January, 1975 and the court finds that said judgment should be set aside," and "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the judgment rendered on the 15th day of January, 1975 be set aside and held for naught."

(4) A motion for probation bearing appellant's signature was filed on January 16, 1975.

(5) A judgment of the court bearing the date of January 16, 1975 recites that appellant "appeared in person and his attorney" and after waiving a trial by jury entered a plea of guilty to the offense of operating a motor vehicle upon a public road while intoxicated and under the influence of intoxicating liquor. The judgment further reflects that the court found appellant guilty, assessed punishment at a fine of $100 and 15 days confinement in jail and ordered "That the finding of guilty herein shall not be final, that no judgment be rendered thereon, and that Defendant be, and he is hereby placed on probation in this cause for a peri-

od of six months from this date, on the following terms and conditions, to wit: . . . ." [1]

An "agreed statement of facts," bearing the approval of the court, reflects in pertinent part:

"That the Defendant now stands convicted of the offense of DWI after a plea of guilty which was entered while the Defendant was in a hospital, while under medication, and at no time after the first judgment was assessed against the Defendant was he before the court nor was he ever personally before the court on his application for probation, nor was an attorney representing him before the court."

Article 33.03, V.A.C.C.P. provides in pertinent part:

"In all prosecutions for felonies, the defendant must be present at trial, *and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail*; . . . ." (emphasis supplied) See *Lusk v. State,* Tex.Cr.App., 432 S.W.2d 923; *Millman v. State,* Tex.Cr.App., 487 S.W.2d 750; *Casias v. State,* Tex.Cr.App., 503 S.W.2d 262.

A portion of the punishment prescribed upon conviction for the instant offense is "by confinement in the county jail for not less than three (3) days nor more than two (2) years. . . ." Art. 6701*l*–1, V.A.C.S.

The State argues that there was no second trial, and that the action of the court amounted to a continuation of the first trial for the purpose of granting appellant probation.

While the terminology of the court in its order of January 16, 1975 was "setting aside its previous judgment rendered on the 15th day of January, 1975," it would appear that the court's action had the effect of granting appellant a new trial.[2] The order not only reflects a basis for granting a new trial, the discovery of new evidence,[3] the judgment or order entered on January 16, 1975 recites appearance of appellant and his attorney, waiver of jury, plea to the information, the hearing of evidence, the finding of guilt and assessment of punishment. The recitation of these events purported to have occurred on January 16 recites the cause was "in the same position [on January 16] in which it was before any trial had taken place" and is consistent with the court having granted a new trial. Further, it is noted that judgment and sentence were entered after the trial on January 15th. The judgment and sentence of January 15 would be at odds with the granting of probation on January 16 since Art. 42.13, Sec. 4, V.A.C.C.P. provides that when a defendant is granted probation under the terms of the Misdemeanor Probation Law "the finding of guilt does not become final, nor may the court render judgment thereon."

Since the instant offense was one which provided for imprisonment in jail as part of the punishment upon conviction, it was necessary that appellant be present at trial. The trial of appellant in his absence on January 16, 1975 was violative of Art. 33.03, V.A.C.C.P. and amounted to the denial to appellant of his day in court. *Cramer v. State,* 133 Tex.Cr.R. 213, 109 S.W.2d 1054.

---

1. We call attention to *Lechuga v. State,* 532 S.W.2d 581 (1975), where a penalty of three years was initially assessed and upon retrial the penalty was set at five years probated, and the record contained neither reasons for the increase in punishment nor factual data upon which such an increase could have been based. It was held that the assessment of punishment at the second trial was violative of the principle announced by the United States Supreme Court in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.

2. Art. 40.08, V.A.C.C.P. provides in pertinent part:
   "The effect of a new trial is to place the cause in the same position in which it was before any trial had taken place."

3. See Arts. 40.04 and 40.03, V.A.C.C.P.

For the error discussed, the judgment is reversed and the cause remanded.

Opinion approved by the Court.