**Ernest A. BELL, III, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–86–217–CR.**

Court of Appeals of Texas, Austin.

June 10, 1987.

Walter C. Prentice, Austin, for appellant.

John W. Wied, Co. Atty., Raymond M. Espersen, Asst. Co. Atty., La Grange, for appellee.

Before POWERS, GAMMAGE and CARROLL, JJ.

GAMMAGE, Justice.

Ernest A. Bell, III, was convicted on a plea of guilty to the offense of public intoxication. Tex.Pen.Code Ann. § 42.08 (Supp. 1987). Punishment was assessed at a fine of $218.00. We will reverse the conviction.

The public intoxication charge was originally filed against Bell in the municipal court of the City of LaGrange, where Bell pleaded guilty and paid a fine of $218.00. An appeal was filed in the county court, and a trial *de novo* was held on May 13, 1986, at which time Bell entered a plea of not guilty before the court. After hearing, the court took the case under advisement. On June 5, 1986, Bell appeared in person and entered a plea of guilty, upon which judgment was rendered.

In Bell's first point of error, he complains that his conviction for public intoxication is void because there is no valid charging instrument.

■ Proceedings in municipal court are commenced by the filing of a complaint. Tex.Code Cr.P.Ann. art. 45.01 (1979). The prosecutor was not required to file an information in this cause because a complaint suffices as a valid charging instrument in municipal court. *Ex parte Greenwood,* 165 Tex.Cr.R. 349, 307 S.W.2d 586 (1957). The filing of a complaint confers jurisdiction upon the court. *Bass v. State,* 427 S.W.2d 624, 626 (Tex.Cr.App.1968). Bell is correct that the complaint does not appear in the record even though the municipal court docket sheet indicates a complaint was filed on March 30, 1985.

■ We may not presume from the docket sheet notation that the complaint was actually filed. The record, not the docket entry, is the authoritative evidence upon which the parties must rely on appeal. *Witty v. Rose,* 148 S.W.2d 962, 964 (Tex. Civ.App.1941, writ dism'd). The State has furthermore not asserted in this appeal that a sworn complaint was duly filed, nor has it explained the absence of the complaint or attempted to bring it forward by supplementing the appellate record in accordance with Tex.R.App.P.Ann. 50(e) (Supp.1987).

■ Because the record contains no valid charging instrument, there is no authoritative evidence the trial court ever acquired jurisdiction over the cause, and the judgment against Bell is necessarily void. *Bragg v. State,* 109 Tex.Cr.R. 632, 6 S.W.2d 365 (1928) (attempted entry of judgment on plea of guilty was void where no complaint had been filed when plea was entered); *Ex parte Grimes,* 81 Tex.Cr.R. 405, 195 S.W. 858 (1917); *see also Ex parte Bozeman,* 166 Tex.Cr.R. 270, 313 S.W.2d 300 (1958) (unsworn complaint cannot be the basis of a criminal prosecution in municipal court, and a judgment of conviction rendered

thereon is void). Bell's first point of error is sustained.

By his second point of error, Bell challenges the sufficiency of the evidence to support his conviction. We will consider this point even though we hold the trial court was without jurisdiction. *See Foster v. State*, 635 S.W.2d 710, 717 (Tex.Cr.App. 1982, *on rehearing*). As stated above, the judgment recites that Bell pleaded guilty to the charge of public intoxication. A plea of guilty is sufficient in a misdemeanor case to sustain a conviction. *Brown v. State*, 507 S.W.2d 235 (Tex.Cr.App.1974). Bell's second point of error is overruled.

The judgment of conviction is reversed and the cause remanded to the county court with instructions that it be dismissed.