**Brian ERNST, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–02–273–CR.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

May 26, 2004.

Joseph V. Collina, Corpus Christi, for appellant.

Carlos Valdez, Nueces County Dist. Atty., Douglas K. Norman, Asst. Dist. Atty., Corpus Christi, for state.

Before Justices YAÑEZ, RODRIGUEZ, GARZA, and CASTILLO.

## ORDER

PER CURIAM.

Brian Ernst appeals his conviction for indecency with a child. Ernst pled guilty pursuant to an agreed punishment recommendation. The trial court followed the recommendation and sentenced him to three-years imprisonment. Ernst challenges his conviction by the following three issues: (1) his constitutional right not to be prosecuted twice for the same offense was violated when the State re-indicted him for an offense that was the subject of a pre-trial diversion agreement; (2) prosecution for the offense violated his right to due process; and (3) the State did not use due diligence in prosecuting him for the alleged violation of his pre-trial diversion agreement.

### Background

After a grand jury indicted Ernst for indecency with a child, he entered into a pre-trial diversion agreement for a term of one year. Exactly one year and four days later, the State filed a notice of non-compliance, stating that Ernst had broken the terms of the agreement. Subsequently, the same allegations were brought before a different grand jury, which indicted Ernst for the same offenses that were the subject of the pre-trial diversion agreement.

Before trial, Ernst filed a motion to dismiss the indictment, arguing, inter alia, that he had "substantially completed the requirements" of his pre-trial diversion agreement. No order or other explicit ruling on the motion to dismiss appears in the record. Ernst then brought the issue to the trial court's attention again, this time in a pre-trial application for writ of habeas corpus. The court held a hearing on the merits of the habeas application, at which time it entertained arguments by both Ernst and the State regarding the relief sought. Specifically, the trial court heard arguments as to whether the State could re-indict and prosecute Ernst for the

same offenses that were the subject of the pre-trial diversion agreement. On the record, the trial court stated that it would consider the case law on the issue and review the parties' briefs and rule on the habeas application by the end of the week. As with the motion to dismiss, however, no written order on the habeas application became part of the record. A docket sheet entry shows that the trial court denied the relief on the same day of the hearing on the merits, March 7, 2002.

On March 15, 2002, Ernst pled guilty pursuant to an agreed punishment recommendation. The trial court signed the judgment on April 30, 2002. Ernst filed a notice of appeal on May 8, 2002. On July 21, 2003, this Court abated Ernst's appeal and ordered the trial court to supplement the record with a certification of Ernst's right to appeal. *See* TEX.R.APP. P. 25.2(a)(2). Pursuant to the order, the trial court supplemented the record with a certification indicating that this is a plea bargain case and that Ernst has no right of appeal.

## Discussion

In relevant part, rule of appellate procedure 25.2(a)(2) states: "In a plea bargain case ... a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial; or (B) after getting the trial court's permission to appeal." *Id.* In this case, which both parties agree is a plea bargain case, Ernst filed a motion to dismiss and a pre-trial application for writ of habeas corpus. Both filings urged a common ground for terminating the case: the State could no longer prosecute Ernst for the charged offenses because he had completed his one-year diversion agreement before the second indictment was issued. The motion to dismiss was not ruled on expressly, but the application for writ of habeas corpus,

which argued the same basis for relief as the motion, was denied by the trial court after the court considered the merits of the application.

We conclude that insofar as both the motion to dismiss and the application for habeas corpus urged the same ground for relief, the trial court's ruling on Ernst's habeas corpus application was an implicit ruling on his motion to dismiss. *See* TEX. R.APP. P. 33.1(a)(2)(A); *Well Solutions, Inc. v. Stafford,* 32 S.W.3d 313, 316 (Tex. App.-San Antonio 2000, no pet.) ("A ruling is implicit if it is unexpressed but capable of being understood from something else."); *see also Sanchez v. Rodriguez,* No. 13–00–059–CV, 2001 Tex.App. LEXIS 6783, at *10 (Corpus Christi October 4, 2001, pet. denied) (not designated for publication) (same). Thus, Ernst may appeal the matters raised in the motion to dismiss. *See* TEX.R.APP. P. 25.2(a)(2)(A).

## Response to the Dissent

The dissent would hold that Ernst has no right to appeal. It would dismiss Ernst's appeal because the trial court did not issue a writ or enter a written order denying Ernst's pre-trial application for writ of habeas corpus. According to the dissent, Ernst cannot appeal the denial of his motion to dismiss under rule 25.2 as a "matter raised by written motion and ruled on before trial" because the trial court did not deny his habeas application in a written order that undertook to resolve the merits of his habeas claims as required by *Hargett. Ex parte Hargett,* 819 S.W.2d 866, 869 (Tex.Crim.App.1991) (holding that trial court ruled on the merits of a habeas application even though it never issued a writ). Holding a hearing on the merits of Ernst's application and declaring that it would issue a ruling, the dissent contends, does not evidence the trial court's intention to resolve the merits.

Thus, for the dissent, the docket sheet entry showing that Ernst's application for writ of habeas corpus was denied following the hearing on the merits is not enough to give Ernst a right to appeal the denial of his habeas application.

This is a conclusion with which we need not disagree. In fact, the dissent's position is as perplexing as it is inapposite, given that we have not held that Ernst has a right to appeal the denial of his habeas application. Ernst has a right to appeal the denial of his motion to dismiss under rule 25.2 as a "matter raised by written motion and ruled on before trial."

With all its talk of bridges and scaffolding, the dissent has lost itself in metaphors and obscured the legal basis for Ernst's right to appeal. Before trial, Ernst filed a motion to dismiss in which he claimed that he could not be prosecuted because he had substantially completed the terms of his pre-trial diversion agreement. No express ruling on this motion appears in the record, and we can only assume that the trial court either ignored it or informally overruled it. Apparently in response, Ernst filed a pre-trial application for writ of habeas corpus in which he raised the same objection to the State's case. The trial court did not ignore this filing. Rather, it held a hearing, at which time it entertained arguments from both sides on the merits of Ernst's objections to prosecution. The court then denied the application. We have not held that Ernst has a right to appeal from this ruling. Instead, we have concluded that this ruling was also an implicit denial of Ernst's motion to dismiss. In other words, if Ernst's motion to dismiss had not been overruled by the time of the habeas hearing, it was certainly overruled when the court denied his habeas application.

Rule 25.2 allows a defendant in a plea bargain case to appeal matters raised by written motion and ruled on before trial. TEX.R.APP. P. 25.2. It does not state that the ruling must be made by written order. *See id.* In fact, the rules of procedure specifically provide that a written order is not required to preserve a complaint for appeal. *See* TEX.R.APP. P. 33.1(c). Furthermore, the ruling need not be express. *See* TEX.R.APP. P. 33.1(a)(2)(A). A ruling that is neither written in an order nor expressly stated on the record can be appealed if it is implicit. *See id.*

Here, the trial court's denial of Ernst's motion to dismiss is implicit in its denial of his habeas application. It makes no difference that the ruling on his habeas application might not provide an independent basis for appeal, as the dissent argues. *Hargett* and its progeny are irrelevant to the issue of whether Ernst's motion to dismiss was denied. Those cases deal with appeals from habeas proceedings. Not one of them discusses implied rulings on motions to dismiss, as we have in this case. Thus, the dissent's lengthy discussion of why those cases establish that Ernst has no right to appeal is largely irrelevant. Ernst has a right to appeal because we construe the court's denial of Ernst's habeas application as a denial of Ernst's motion to dismiss.

The dissent would hold that there is no such thing as an implicit ruling. The dissent would re-write rule 33.1 to say that a court can rule only by written order and that only express rulings can be appealed. However, it is not within the power of this Court to re-write the rules of appellate procedure. We must accept and apply the rules as promulgated.

## Conclusion

For the foregoing reasons, we abate this appeal and order the trial court to amend the defective certification so that it shows that this "is a plea bargain case, but mat-

ters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal." *See* TEX R.APP. P. 44.4. We further order the trial court to forward the amended certification to this Court by means of a supplemental clerk's record on or before June 9, 2004, or if the trial court is unable to comply by said date, to file a letter with the clerk of this Court stating when it can comply.

Dissent by Justice ERRLINDA CASTILLO.

Justice CASTILLO, dissenting.

I respectfully dissent on both substantive and procedural grounds from the per curiam order abating this case to the trial court for amendment of the "defective certification" of Ernst's right of appeal. Substantively, the record does not show that the trial court denied the merits of Ernst's pre-trial application for writ of habeas corpus on double-jeopardy grounds. Procedurally, only a docket entry, not a written order, reflects the trial court's disposition of the habeas corpus application, and the record does not support exercise of our limited power to review Ernst's double-jeopardy claim in the face of the trial court's certification that Ernst has no right of appeal. I would begin my analysis with the limitations on our review power imposed by rule 25.2 of the rules of appellate procedure. *See* TEX.R.APP. P. 25.2(a)(2).

## I. THE SCOPE OF APPELLATE REVIEW POWER UNDER RULE 25.2

Ernst filed a notice of appeal on May 8, 2002. The parties completed their briefing on August 15, 2002. The case was argued and submitted on January 22, 2003. We requested post-submission briefing from the parties regarding application of amended rules of appellate procedure, effective January 1, 2003, to this appeal. Ernst complied on January 23, 2003. The State followed on January 27, 2003. This Court concluded that the amended rules apply to all criminal appeals pending on the effective date of the amendments. *See, e.g., Gearhart v. State*, 122 S.W.3d 459, 463 (Tex.App.-Corpus Christi 2003, pet. filed). Accordingly, on July 21, 2003, we abated the case for filing of a certification of Ernst's right to appeal (a "CORTA"). *See* TEX.R.APP. P. 25.2(d). On filing of the CORTA, we reinstated the case on August 21, 2003. Thus, the rules of appellate procedure that this Court has determined are applicable to this appeal limit our power to review errors claimed by Ernst on appeal. *See Woods v. State*, 108 S.W.3d 314, 316 (Tex.Crim.App.2003).[1]

### A. What Ernst May Not Appeal

Current rule 25.2(a)(2) of the rules of appellate procedure—like former rule 25.2(b)(3) and its predecessor, rule 40(b)(1)—limits a defendant's right of appeal in plea-bargain cases. *Carroll v. State*, 119 S.W.3d 838, 839 (Tex.App.-San Antonio 2003, no pet.) (per curiam). "In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial; or (B) after getting the trial court's permission to appeal." TEX.R.APP. P. 25.2(a)(2); *see Cooper v. State*, 45 S.W.3d 77, 79 (Tex.

---

1. Until directed otherwise by the court of criminal appeals, I assume that the body of case law interpreting appellate rules governing how criminal appeals proceed applies to the current rules.

Crim.App.2001) (interpreting former rule 25.2(b)(3) in the same way as former rule 40(b)(1), which "forbade appeal in every plea-bargained, felony case unless one of two conditions was met: the appellant had permission of the trial court, or the appeal was from a written, pre-trial motion."); *see also Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App.1994) (interpreting former rule 40(b)(1) as prohibiting in plea-bargained cases appeal of nonjurisdictional defects occurring after entry of plea).

Accordingly, the court of criminal appeals has instructed that "[t]he plain import of [former rule 25.2(b)(3) ] is that appeals from plea-bargain cases are limited to the situations set forth in the rule." *Woods*, 108 S.W.3d at 316. Like Ernst, Woods had pleaded guilty pursuant to an agreed punishment recommendation. *Id.* at 315. The trial court sentenced him in accordance with the plea agreement. *Id.* Woods filed a pro se general notice of appeal and a motion to withdraw his guilty plea, challenging the competency finding that resulted from a mental evaluation ordered by the trial court in response to his pre-trial motion for an examination. *Id.* Appellate counsel appointed for Woods filed an amended notice of appeal, alleging that the appeal was for jurisdictional defects and challenging both the voluntariness of Woods's guilty plea and a written pre-trial order finding him competent to stand trial. *Id.* Appellate counsel then filed an *Anders* brief and moved to withdraw as counsel. *Id.* As required, the court of appeals conducted an independent review of the record. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). It concluded that an ineffective-assistance-of-counsel claim might be meritorious based on the fact that trial counsel did not file a notice of intention to raise an insanity defense or request appointment of a defense mental health expert. *Woods*, 108 S.W.3d at 315 (citing

*Woods v. State*, 59 S.W.3d 833 (Tex.App.-Texarkana 2001)). The court of appeals granted the motion to withdraw, abated the appeal, and remanded the case for appointment of new appellate counsel. *Woods*, 108 S.W.3d at 315. Not surprisingly, new appellate counsel filed an appellate brief claiming that trial counsel was ineffective in failing to either file notice of an insanity defense or request appointment of a defense expert. *Id.* The court of appeals sustained the second issue. *Id.* The court of criminal appeals reversed, holding that the extra-notice recitations in the notice of appeal required by former rule 25.2(b)(3) must be true and supported by the record. *Id.* at 316. The court concluded:

> The plain import of the rule is that appeals from plea-bargain cases are limited to the situations set forth in the rule. Consequently, a court of appeals is not authorized to address points of error that do not fall within one of the categories listed in [former] Rule 25.2(b)(3). While appellant's amended notice of appeal makes at least one extra-notice allegation, lack of jurisdiction, his brief does not raise a jurisdictional claim. The other two allegations—voluntariness of the plea and appeal of a written pre-trial order finding appellant competent—do not state grounds cognizable under Rule 25.2(b)(3), but even if they did, the ineffective assistance claims alleged in the brief do not fall within either of these categories. We conclude that the Court of Appeals erred in considering appellant's ineffective assistance allegations.

*Id.* [footnote omitted]. The court noted that it has held that plea-bargaining defendants may not appeal the voluntariness of their pleas. *Id.* at n. 6 (citing *Cooper*, 45 S.W.3d at 77). With regard to Woods's

claims on appeal, the court of criminal appeals reasoned:

> As for the appeal of the trial court's written order finding appellant competent, the notice does not allege that appellant's incompetency was a matter raised by written motion and ruled upon before trial. And the record would not substantiate such a recitation: appellant filed written motions for psychiatric examinations and those motions were granted. Whether appellant was actually competent to stand trial was ruled upon by written order but was never advanced in a written motion.

*Woods,* 108 S.W.3d at 316 n. 6. As a consequence, the court remanded the case for proceedings consistent with the opinion. Thus, *Woods* emphasizes that our review power in an appeal from a felony plea entered pursuant to an agreed punishment recommendation is strictly limited. *See* Tex.R.App. P. 25.2(a)(2).

### B. What Ernst May Appeal

Nonetheless, an "agreed punishment recommendation" is required before limitations on our review power apply. *See* Tex.R.App. P. 25.2(a)(2). An agreement between the State and a defendant may be a plea bargain without having as one of its terms an agreed punishment recommendation that is followed by the trial court. *Ramirez v. State,* 89 S.W.3d 222, 225 n. 4 (Tex.App.-Corpus Christi 2002, no pet.). Any concession by the State in exchange for the defendant's guilty plea creates a "plea bargain." *Id.* Only a plea bargain that incorporates an agreed recommendation as to punishment and is accepted by the court, however, triggers restrictions on our review power. *Id.*

Further, "both bargaining and non-bargaining defendants can appeal jurisdictional issues." *Monreal v. State,* 99 S.W.3d 615, 620 (Tex.Crim.App.2003). I note that the form promulgated by the court of criminal appeals for use by the bench and bar in preparing CORTAs does not differentiate between "plea bargain" and "agreed punishment recommendation that the trial court followed," nor does it acknowledge the right to appeal jurisdictional questions. *See Carroll,* 119 S.W.3d at 840 (noting that CORTA form does not reflect right of defendant to appeal issues unrelated to conviction following deferred adjudication of guilt).

Finally, I note that a sentence outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Perez v. State,* 129 S.W.3d 282, 288–89 (Tex.App.-Corpus Christi 2004, no pet. h.) (designated for publication) (citing *Mizell v. State,* 119 S.W.3d 804, 806 (Tex.Crim.App.2003)). Unlike most trial errors, which are forfeited if not timely asserted, a party is not required to make a contemporaneous objection to the imposition of an illegal sentence. *Perez,* 129 S.W.3d at 288–89 (citing *Mizell,* 119 S.W.3d at 806 n. 6). Thus, an appellate court that otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence. *Mizell,* 119 S.W.3d at 806. I note that the form promulgated by the court of criminal appeals for use by the bench and bar in preparing CORTAs does not include this exception that even a plea-bargaining defendant may appeal the legality of an unauthorized sentence. *See Carroll,* 119 S.W.3d at 840.

Accordingly, I conclude that the Texas Court of Criminal Appeals authorizes us in appeals following negotiated guilty pleas to address only issues that assert: (1) jurisdictional defects; (2) matters raised by written motion ruled on before trial; (3) matters for which the trial court has granted permission to appeal; and (4) the legality of the sentence imposed as unauthorized by law. *See Monreal,* 99 S.W.3d

at 620 (jurisdictional defects); *see also Woods,* 108 S.W.3d at 316 (matters raised by pre-trial motions; permissive appeals); *Mizell,* 119 S.W.3d at 806 (legality of sentence).

Further, I conclude that the record must substantiate the specific grounds for appeal noted in a CORTA. *See Waters v. State,* 124 S.W.3d 825, 826 (Tex.App.-Houston [14th Dist.] 2003, no pet.) ("Despite the trial court's certification [that the appellant had the right to appeal], we believe the Rule 25.2 requirements recited in a certification must be true and supported by the record."); *see also Woods,* 108 S.W.3d at 316 (requiring that record substantiate extra-notice provisions of former rule 25.2(b)(3)). Similarly, while the issue has not been addressed specifically by the court of criminal appeals, I conclude that the record must substantiate that the defendant has no right of appeal if the CORTA so reflects.[2]

After the trial court denied his application for writ of habeas corpus, Ernst pleaded guilty, pursuant to an agreed punishment recommendation, to the offense of indecency with a child. The trial court honored the recommendation in sentencing Ernst. The State argues that Ernst waived his double-jeopardy claim when he entered his negotiated guilty plea without securing a ruling on his motion to dismiss. *See* Tex.R.App. P. 25.2(a)(2)(A). I agree.

As noted by the majority, the parties agree that this appeal followed a negotiated plea agreement that the trial court honored. Ernst does not challenge the jurisdiction of the trial court or maintain that his sentence was unauthorized and therefore illegal. He does not suggest he has the trial court's permission to appeal. Rather, he seeks our review of the double-jeopardy claim raised in his motion to dismiss and pre-trial application for writ of habeas corpus. To determine if Ernst has invoked our limited review power, I next would turn to a more thorough review of the record than that undertaken by the majority.

## II. THE RECORD

On October 10, 2001, Ernst filed an unsworn "Motion to Dismiss" that alleged in its entirety that:

1. The complaining witness requests dismissal.

2. Defendant has successfully completed counseling for mental health treatment.

---

2. For recognition by our sister courts of appeals that a trial court's certification of no right of appeal must be supported by the record, *see, e.g., Banda v. State,* No. 01–03–00432–CR, 2004 WL 744593, at *1, 2004 Tex. App. LEXIS 3272, at *2 (Tex.App.-Houston [1st Dist.] April 8, 2004, no pet. h.) (per curiam) ("The trial court's certification of appellant's right to appeal states that this is a plea-bargained case and appellant has no right to appeal. The record supports the certification."); *Johnson v. State,* No. 01–04–00202–CR, 2004 WL 744818, at *1 *2 (Tex.App.-Houston [1st Dist.] April 8, 2004, no pet. h.) (per curiam) (same); *Zavala v. State,* No. 04–04–00042–CR, 2004 WL 730744, at *1, 2004 Tex.App. LEXIS 3097, at *1 (Tex.App.-San Antonio April 7, 2004, no pet. h.) (per curiam) ("The clerk's record contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the clerk's record supports the trial court's certification that defendant has no right of appeal."); *Rodriguez v. State,* No. 04–03–00204–CR, 2004 WL 57048, t *1, 2004 Tex.App. LEXIS 326, at *3 (Tex.App.-San Antonio Jan.14, 2004, no pet.) (per curiam) ("The clerk's record does not contain a written motion ruled on before trial nor does it indicate the trial court granted Rodriguez permission to appeal. The trial court's certification therefore appears to accurately reflect that this is a plea bargain case and Rodriguez does not have the right to appeal.").

3. Defendant was placed on pre-trial diversion[3] and substantially completed the requirements that were in the contract.

[Footnote added.] No documentation in support of the allegations is attached to the motion to dismiss. The clerk's record does not reflect that the trial court conducted any hearing on the motion, nor does a court reporter's record of any hearing on the motion appear in the record.

Thereafter, on February 12, 2002, Ernst filed a "Pre–Trial Application for Writ of Habeas Corpus." Sworn as "true and correct" in an attached affidavit by Ernst's trial counsel, the application alleged that:

3. Brian Ernst completed his pre-trial diversion period without timely complaint from the State. Brian Ernst was placed on a 1 year pre-trial diversion under § 76.011(a) Government Code, see (Exhibit A page 2) which states "A person in a pre-trial intervention program may be supervised for a period not to exceed one year." The date in which he began was November 12, 1999, therefore, he completed his pre-trial diversion on November 12, 2000. On November 16, 2000, and November 28, 2001[sic], a notice of noncompliance was filed with the Court. Clearly this is after the November 12, 2000 deadline and under § 76.011(a) the Community Supervision Department has no authority to complain, because there [sic] service is limited to 12 months. The State was not diligent in complaining if there was a problem with compliance. Once the time period is over, the case is over.

4. On March 15, 2001, Brian Ernst was indicted in cause number 01–CR–0680–F, on the same charges in which he completed the pre-trial diversion in cause number 99–CR–0264–G, 4 months earlier. Here Brian Ernst has completed his pre-trial diversion and the State of Texas is barred from further prosecution of this action.

As with the motion to dismiss, the clerk's record does not contain a written order on Ernst's pre-trial application for writ of habeas corpus. The following entries appear on the court's docket sheet:

Jan 24, 2002 Δ Writ of Habeas Corpus— argument of counsel—under advisement

Mar–7, 2002 Δ Writ of Habeas Corpus— denied

A court reporter's record of the habeas corpus proceeding on March 7, 2002 shows that the trial court took judicial notice of the contents of the pre-trial diversion case (No. 99–CR–0264–G), heard the arguments of counsel, and took the matter under advisement. Other than the pre-trial diversion agreement itself, the record in this appeal does not contain any portion of the record in Case No. 99–CR–0264–G.

---

3. "A pre-trial diversion agreement is aptly named." *Fisher v. State*, 832 S.W.2d 641, 643 (Tex.App.-Corpus Christi 1992, pet. ref'd). It refers to a written agreement the accused and the State enter into on or before the day of trial. *Id.* The State agrees to dismiss the case if the accused performs certain conditions within a specified period of time. *Id.* Both the State and the accused request that the trial court continue the present trial setting to a certain date in the future to give the accused time to comply with the agreed conditions. *Id.* The parties then present the agreement to the trial court for its approval. *Id.* If the trial court does not approve the agreement, the case proceeds to trial as scheduled on the docket. *Id.* at 643–44. If the trial court approves the agreement, it grants the joint request for continuance and resets the trial to a certain date in the future. *Id.* at 644. On that date, the accused must appear before the trial court. *Id.* If the accused has complied with the conditions of the agreement, the trial court grants the State's motion to dismiss the pending criminal charges. *Id.* If the accused has not complied with the conditions of the agreement, the case proceeds to trial as scheduled. *Id.*

The majority bridges the gap between Ernst's negotiated guilty plea and appellate review of his double-jeopardy claim by construing the docket entry denying his application for writ of habeas corpus as an implicit ruling on his pre-trial motion to dismiss. However, for the trial court's disposition of the habeas proceeding to be the substantive equivalent of a ruling on Ernst's motion to dismiss, the record first must affirmatively show that the trial court denied Ernst's application on the merits. Procedurally, the record must support exercise of our limited review power over the merits of Ernst's double-jeopardy claim. I conclude that this record is deficient in both respects.

## III. ANALYSIS

### A. The Substantive Roadblock

It is well settled that no appeal lies from a trial court's refusal to issue a writ of habeas corpus. *Ex parte Noe*, 646 S.W.2d 230, 231 (Tex.Crim.App.1983) (en banc); *Ex parte Moorehouse*, 614 S.W.2d 450, 451 (Tex.Crim.App.1981) (en banc); *Ex parte Johnson*, 561 S.W.2d 841, 842 (Tex.Crim. App. [Panel Op.] 1978); *Ex parte Carter*, 849 S.W.2d 410, 412 (Tex.App.-San Antonio 1993, pet. ref'd). Here, the record reflects only that the trial court denied the application. The record does not show that the trial court not only refused to issue the writ but also denied Ernst's application on the merits.

The Court of Criminal Appeals has emphasized that Texas law does not provide for a right of appeal from a trial court's refusal to issue a writ of habeas corpus even if the trial court conducts a hearing. *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex.Crim.App.1991). Before *Hargett*, the majority's confusion would have been understandable, but the Court of Criminal Appeals has clarified that two different kinds of hearings are available to a trial court in response to a writ application:

It is well settled that no appeal can be had from a refusal to issue or grant a writ of habeas corpus even after a hearing. However, the portion of that statement of law which we have emphasized can be confusing so, we will clarify it. In the cases which rely on that statement of law, the "hearing" which is being referred to is one which a court might hold in order to determine whether there is sufficient cause for the writ to be issued or whether the merits of the claim should be addressed. That type of hearing is not the same as one which is held to ultimately resolve the merits of an applicant's claim. When a hearing is held on the merits of an applicant's claim and the court subsequently rules on the merits of that claim, the loosing [sic] party may appeal.

*Id.* at 868 [footnote omitted]. In *Hargett*, the trial court held a hearing, refused to issue the writ, did so in an order that addressed the merits of each allegation in the writ application, and found each allegation to be without merit. *Id.; see Ex parte Hargett*, 827 S.W.2d 606, 607–08 (Tex.App.-Austin 1992, pet. ref'd) (op. on remand).

The majority misses the point of *Hargett* in two respects. First, the fact that the trial court here held a hearing on the writ application is not dispositive. *Hargett*, 819 S.W.2d at 868. I cannot state it any plainer than the Court of Criminal Appeals did. *See id.* Thus, *Hargett* provides no support for the majority's assumption that the trial court must have ruled on the merits of Ernst's application because it heard arguments, considered the case law, reviewed the briefs, and issued a ruling. The distinguishing feature in *Hargett* is that the trial court issued findings on the merits of the writ application, thereby evidencing its dis-

position of the writ, not that it held a hearing. Second, the fact that there was a written order in *Hargett* was significant because of what it said, not because it was in writing. If the trial court in *Hargett* had pronounced from the bench its findings on the merits, the result on appeal would have been the same. Because the trial court undertook to rule on the merits of the habeas corpus application, the court of criminal appeals held that the court of appeals had jurisdiction of the appeal even though the writ never issued. *Hargett*, 819 S.W.2d at 869; *cf. Solomon v. State*, 39 S.W.3d 704, 706–07 (Tex.App.-Corpus Christi 2001, no pet.) (finding jurisdiction over appeal where "the trial court issued the writ but denied relief" on the merits). Here, however, the record contains no written or oral indication the trial court ruled on the merits of Ernst's application for writ of habeas corpus.

Therefore, unlike the majority, I would not infer that the trial court's docket entry here is comparable to the order in *Hargett*. The docket entry does not purport to rule on the merits of Ernst's claims for habeas corpus relief. Without more, this meager record does not support any conclusion that the trial court's denial was a ruling on the merits of Ernst's application for writ of habeas corpus. The *Hargett* rule would not apply.

By analogy, my conclusion is underscored by what our disposition of the case would have to be if Ernst had appealed the trial court's denial of his writ application.[4] If he had done so, for us to address the merits of Ernst's double-jeopardy claim in his writ application on this record would effectively convert what would be a direct

appeal into an original habeas corpus proceeding. *See Ex parte Miller*, 931 S.W.2d 724, 725–26 (Tex.App.-Austin 1996, no pet.) (per curiam). However, we do not have original habeas corpus jurisdiction in criminal cases. *See* Tex.Code Crim. Proc. Ann. art. 11.05 (West 1977); *see also* Tex. Gov't Code Ann. § 22.221(d) (West Supp.2004). The docket entry does not reflect that the trial court addressed the merits of Ernst's writ application. If the trial court did not rule expressly on the merits of the writ application, it did not rule implicitly on the motion to dismiss. Thus, the majority's expedient of construing the trial court's disposition of the habeas proceeding as an implicit denial of Ernst's pre-trial motion merely transforms an issue over which we would have no jurisdiction if it originally had been appealed into one that does not invoke our limited review power following Ernst's negotiated guilty plea. The majority cannot get to where it wants to go from here.

I conclude that this record does not support Ernst's attempt to reach our appellate review power. For the trial court's disposition of the habeas proceeding to be the equivalent of a denial of Ernst's motion to dismiss, the record first must show that the trial court denied Ernst's application on the merits. It does not. Further, at least one court has held that a pre-trial habeas corpus proceeding is distinct from the case in which it arises and is not the same as a matter "raised by written motion and ruled on before trial." *Green v. State*, 999 S.W.2d 474, 477 (Tex.App.-Fort Worth 1999, pet. ref'd); *see* Tex.R.App. P. 25.2(a)(2)(A).

---

**4.** Of course, Ernst did not appeal from the denial of his writ application at the time. Further, I note that this appeal would have been untimely if Ernst had sought review of the trial court's denial of his writ application as a direct appeal from the habeas corpus

proceeding. *See* Tex.R.App. P. 26.2 and 26.3 (imposing deadlines for filing notice of appeal and motion for extension of time to file notice of appeal in criminal cases); *see also Green v. State*, 999 S.W.2d 474, 477 (Tex.App.-Fort Worth 1999, pet ref'd).

Accordingly, I would hold that the record in this case does not support exercise of our limited power to review "matters raised by written motion filed and ruled on before trial." *See* Tex.R.App. P. 25.2(a)(2)(A); *see also Woods*, 108 S.W.3d at 316 (holding that "the extra-notice recitations in the notice of appeal [under former rule 25.2(b)(3) ] must be true and supported by the record"). Moreover, even if I were willing to cross that bridge with the majority, I would not do so on a record that contains no written order but does contain the trial court's CORTA certifying that Ernst has no right of appeal.

## B. The Procedural Roadblock

A number of cases hold that a docket entry does not comprise an appealable written order. *See Ex parte Wiley*, 949 S.W.2d 3, 4 (Tex.App.-Fort Worth 1996, no pet.) (holding that trial court's oral pronouncement and docket entry denying application for writ of habeas corpus and motion to dismiss was not appealable written order). "[T]he record, not the docket entry, is the authoritative evidence upon which the parties must rely on appeal." *Bell v. State*, 734 S.W.2d 83, 84 (Tex.App.-Austin 1987, no pet.) (refusing to presume from docket sheet entry noting complaint was filed that complaint was actually filed); *see also Pifer v. State*, 893 S.W.2d 109, 111 (Tex.App.-Houston [1st Dist.] 1995, pet. ref'd) (finding that docket entry reflecting trial court's withdrawal of plea was not sufficient record of occurrence). I disagree that rule 33.1(c) "specifically provide[s] that a written order is not required to preserve a complaint for appeal," as stated by the majority. It does not. Rule 33.1 eliminates the former practice of formally excepting to a court's ruling or obtaining a written order in addition to the ruling. Tex.R.App. P. 33.1(c). However, I recognize, with the majority, that the current appellate rules afford appeal from implicit as well as explicit pre-trial rulings in criminal cases and arguably may be interpreted to mean that a written order is now unnecessary in some circumstances. *See* Tex.R.App. P. 33.1(a)(2)(A) (requiring for preservation of appellate complaints that trial court "ruled on the request, objection, or motion, either expressly or implicitly"); *compare* Tex.R.App. P. 25.2(a)(2)(A) (providing right to appeal in "plea bargain" cases "those matters that were raised by written motion filed and ruled on before trial"). Certainly, "[a] trial court's ruling on a matter need not be expressly stated if its actions or other statements otherwise unquestionably indicate a ruling." *Rey v. State*, 897 S.W.2d 333, 336 (Tex.Crim.App.1995). The ruling still must be discernible from the record. *Id.* A written order would be the clearest expression of what the trial court did in this case. The single word "denied" in a docket entry does not reflect that the trial court ruled on the merits of Ernst's writ application. *Compare Ex parte Brooks*, 97 S.W.3d 639, 640 (Tex.App.-Waco 2002, no pet.) ("[T]he Court, after having carefully reviewed the Petition, hereby finds that the Petition is without merit, and after an examination of the Petition, it is manifest from the Petition itself that it is meritless, and the Court hereby denies the request for Writ of Habeas Corpus and finds that the party is entitled to no relief whatsoever."). I would not require a written order on the merits of Ernst's writ application. I would, however, require an "unquestionable" expression of the trial court's ruling in some form. *See Rey*, 897 S.W.2d at 336. The docket entry "denied" is the only expression of the trial court's disposition of Ernst's writ application in this record. Not to be deterred by a single word, the majority's abatement order requires the construction of not just one but two bridges before arriving at our appellate

review power: (1) the docket entry unquestionably expressed the trial court's denial of Ernst's writ application on the merits; and (2) the trial court's express ruling on Ernst's writ application is an implicit ruling on his motion to dismiss. A single ambiguous docket entry is slim scaffolding indeed to support such an exercise of our limited review power.

One of the options available to a trial court on the CORTA form promulgated by the Court of Criminal Appeals is to characterize the case as "a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal." Here, however, the trial court rejected that option. Instead, it noted that the case "is a plea-bargain case, and the defendant has NO right of appeal." Granted, a lot of water had flowed under the bridge by the time we first abated this case, almost a year ago, more than a year after the trial court honored Ernst's plea agreement. Nevertheless, in light of this record, I would conclude that the trial court was in a better position than this Court to determine when it prepared the CORTA if it had ruled on the substantive merits of Ernst's pre-trial motion to dismiss. *See Willis v. State*, 121 S.W.3d 400, 403 (Tex.Crim.App. 2003) (addressing validity of pre-plea waiver of appeal); *see also Iles v. State*, 127 S.W.3d 347, 350 (Tex.App.-Houston [1st Dist.] 2004, no pet. h.) (same). I would not permit the docket entry to outweigh the CORTA.

### IV. CONCLUSION

Accordingly, I would find that the record supports the trial court's certification that Ernst has no right of appeal. *See* TEX.R.APP. P. 25.2(d). I would conclude that exercise of our review power on this record would be error. *See Woods*, 108

S.W.3d at 316 ("We conclude that the Court of Appeals erred in considering appellant's ineffective assistance allegations."). No amendment of the CORTA is required to accurately reflect Ernst's appellate rights. *See* TEX.R.APP. P. 25.2(f), 37.1. Rather than abate this two-year-old case yet again, I would dismiss this appeal, not for want of jurisdiction, but for want of a CORTA certifying that Ernst has the right of appeal. *See* TEX.R.APP. P. 25.2(d). This record presents nothing for this Court to review.