**Michael Berry KERR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–01–00072–CR.**

Court of Appeals of Texas, Texarkana.

Submitted July 5, 2002.

Decided July 8, 2002.

Kurt M. Noell, Attorney at Law, Tyler, for Appellant.

Dan K. Parchman, County Attorney, Mount Vernon, for The State.

Before MORRISS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Michael Berry Kerr appeals his conviction by a jury for the misdemeanor offense of simulating legal process. TEX. PEN.CODE ANN. § 32.48 (Vernon Supp.2002). Punishment was assessed by the court at 300 days' confinement in the county jail and a $3,000.00 fine. Kerr contends the trial court erred: 1) in conducting his trial in his absence; 2) in abusing its discretion at sentencing; and 3) by failing to give a proper jury instruction.

The State charged Kerr with simulating legal process on Michael Jordan, d/b/a Wesley Partners, Ltd. The State contends Kerr recklessly caused to be delivered on Jordan, to induce payment from him, a judgment that simulates a legal document. The case was set for jury trial on October 3, 2000. On that day, before jury selection began, Kerr appeared and gave answers that were inept and nonresponsive to the court's questions. Kerr then voluntarily left the courtroom before the names of the jury panel were called. After Kerr absented himself, the court proceeded with selection of a jury and noted for the record that Kerr had entered a not guilty plea at arraignment. The State presented its evidence against Kerr and rested. The jury found Kerr guilty, and the court assessed his punishment. Neither Kerr nor his counsel were present for jury selection, presentation of evidence, or assessment of punishment. On April 4, 2001, Kerr appeared in court with counsel and requested the court to set aside his guilty verdict. The court overruled his motion and proceeded to sentence him in accordance with the jury's verdict and the punishment previously assessed.

Kerr first contends the trial court failed to comply with Article 33.03 of the Texas Code of Criminal Procedure, which provides:

In all prosecutions for felonies, the defendant must be personally present at

the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion. When the record in the appellate court shows that the defendant was present at the commencement, or any portion of the trial, it shall be presumed in the absence of all evidence in the record to the contrary that he was present during the whole trial. Provided, however, that the presence of the defendant shall not be required at the hearing on the motion for new trial in any misdemeanor case.

TEX.CODE CRIM. PROC. ANN. art. 33.03 (Vernon 1989). Although Kerr appeared before the court before his trial began, the record clearly reflects that, at the time he voluntarily left the courtroom, jury selection had not begun and Kerr had not personally, or by his counsel, entered a plea before the jury. The State directs us to a docket sheet entry for evidence that Kerr had entered a plea before trial began. However, the docket sheet is not part of the record and "[t]he record, not the docket entry, is the authoritative evidence upon which the parties must rely on appeal." *Bell v. State*, 734 S.W.2d 83, 83 (Tex.App.-Austin 1987, no pet.) (court refused to presume from docket sheet notation indicating complaint was filed that complaint actually was filed). Aside from the docket sheet, there is nothing before us to suggest Kerr entered a plea at trial, either personally or by his counsel. We may not presume this event occurred when the record does not so reflect. *See id.* Further, there is no question Kerr absented himself before the jury had been selected. Under these circumstances, the trial court erred in proceeding with the trial in Kerr's absence.

In determining the harm of this error, we look to TEX.R.APP. P. 44.2(a). *Bledsoe v. State*, 936 S.W.2d 350, 351 (Tex. App.-El Paso 1996, no pet.). The State contends there is no harm because no one excluded Kerr from trial or prevented him from having counsel at trial. The State misses the mark. Article 33.03 clearly prohibits the court from proceeding with a trial when the defendant voluntarily absents himself before pleading to the indictment or information, or if trial is before a jury, before the jury has been selected. That no one excluded Kerr from trial, or prevented him from having counsel at trial, is irrelevant. What the trial court did is simply prohibited. The question is, how did it harm Kerr?

We feel the harm is obvious. The only time Kerr or his counsel were present for any part of his trial was at sentencing. The case proceeded from the calling of the jury roll to assessment of punishment without Kerr or anyone representing his interests. The State chose the jury and presented its evidence without opposition. None of the State's evidence was challenged, and none of the testimony was examined under the light of cross-examination. The jury did not hear Kerr's version of the facts or his defenses, if any. Under these circumstances, we cannot say beyond a reasonable doubt that the error did not contribute to the conviction.

Having sustained Kerr's first point of error, we need not address his remaining issues.

We reverse the judgment and remand the cause for further proceedings.