MARY'S OPINION HEADING 








NO. 12-09-00126-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

JERRY BOB NIX,                                         §                      APPEAL
FROM THE 123RD

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE STATE OF
TEXAS,

APPELLEE                                                   §                      SHELBY
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

Jerry
Bob Nix appeals his conviction for driving while intoxicated (“DWI”).  He
raises four issues on appeal.  We affirm.

 

Background

At
approximately 11:45 p.m. on May 18, 2007, Department of Public Safety Trooper
Jake LeBlanc noticed a white pickup truck pull out of the Sundowner, a local
bar in Center, Texas.  Trooper LeBlanc testified that he paid special attention
to the vehicle because an excessive amount of time elapsed before it entered
the roadway even though the road was clear.  The vehicle entered State Highway
96 in front of the trooper.  After Trooper LeBlanc observed the vehicle swerve
into the lane of opposing traffic on two occasions, he initiated a traffic
stop.  When Appellant, the driver, rolled down his window, Trooper LeBlanc
detected the odor of alcohol emanating from the vehicle.  He also observed an
open beer container in the driver’s side center console.  Appellant agreed to
exit the vehicle, but stated that he would not be able to perform any
standardized tests because he was a sixty-six year old man with bad hips that
he had broken twice.  Appellant stated that he had been drinking since around
5:00 p.m., and he eventually admitted to drinking at least five or six beers
that day.  Nevertheless, he insisted that he did not have too much to drink and
was not intoxicated.  Due to Appellant’s disability, Trooper LeBlanc asked him
to perform the field sobriety tests that did not require mobility, including
the horizontal gaze nystagmus (“HGN”) test and the finger counting test. 
According to the trooper, Appellant refused to perform the HGN and
unsuccessfully completed the finger counting test.  Appellant refused to
provide a breath specimen. 

Based
on his observations, Trooper Le Blanc arrested Appellant for DWI, enhanced by
his possession of an open container at the time of the offense.  The jury
convicted him of DWI and the enhancement was found to be true.  The trial court
assessed punishment at confinement for 180 days, probated for one year, and a
fine of $800.00.  Appellant timely appealed.

 

Jurisdiction

            In
his third issue, Appellant contends the trial court was without jurisdiction to
resolve his case, and consequently, his conviction is void.

Relevant
Facts

On
September 17, 2007, Appellant was charged by information with DWI in the Shelby
County Court.  The county judge was not a licensed attorney.  On the same day,
the State filed its “Motion to Transfer Misdemeanor to District Court.”  The
county court signed the transfer order on September 18, 2007.  Once transferred
to the 273rd Judicial District Court of Shelby County, Appellant’s case was
assigned a new cause number.  The parties proceeded before the district court. 
After being convicted of DWI, Appellant filed a motion for new trial in which
he complained for the first time that the district court did not have jurisdiction
over the cause.  The trial court denied the motion for new trial by written
order signed on May 12, 2009.

Standard
of Review and Applicable Law

County
courts “shall have original jurisdiction of all misdemeanors of which exclusive
original jurisdiction is not given to the justice court. . . .”  Tex. Code Crim. Proc. Ann. art 4.07
(Vernon 2005); see also Tex.
Gov’t Code Ann. § 26.045(a) (Vernon Supp. 2009).  County courts have
jurisdiction of misdemeanor DWI offenses occurring within that county.  See Mapes
v. State, 187 S.W.3d 655, 658 (Tex. App.–Houston [14th Dist.] 2006,
pet. ref’d). District courts “shall have original jurisdiction in criminal
cases of the grade of felony . . . and of misdemeanor cases transferred to the
district court under Article 4.17 of this code.”  Tex. Code Crim. Proc. Ann. art 4.05 (Vernon 2005).  Article
4.17 allows the county court to transfer misdemeanor cases to district courts
under certain circumstances, and states in relevant part as follows:

 

On a plea of not guilty to a
misdemeanor offense punishable by confinement in jail, entered in a county
court of a judge who is not a licensed attorney, on the motion of the state or
the defendant, the judge may transfer the case to a district court having jurisdiction
in the county . . . presided over by a judge who is a licensed attorney. 

 

 

Tex. Code Crim. Proc. Ann.
art. 4.17 (Vernon 2005).  Once the requisites of article 4.17 are met, the
decision to transfer is nevertheless discretionary.  See Wolff v.
Thornton, 670 S.W.2d 764, 766 (Tex. App.–Houston [1st Dist.] 1984, no
pet.).

Discussion

            Appellant
argues that pursuant to article 4.17, under principles of statutory
construction, a county court has no authority to transfer a misdemeanor case to
a district court prior to a plea of not guilty.  He likewise contends that he
did not plead not guilty before the county court transferred the case, and
therefore, his conviction obtained after transfer to the district court is void
for lack of jurisdiction.

We
need not decide that issue because the transfer order recites that Appellant
pleaded not guilty.  Recitations in a written order are conclusive absent
direct evidence to the contrary.  See Breazeale v. State, 683
S.W.2d 446, 450 (Tex. Crim. App. 1984); see also Tex. R. App. P. 44.2(c)(4).  Specifically, the transfer order
states that on September 18, 2007, Appellant “entered a plea of not guilty to a
misdemeanor offense punishable by confinement in jail in county court before
the undersigned Shelby County Judge who is not a licensed attorney.”  The only
contrary evidence in the record is Appellant’s affidavit in which he states
that he “never entered a plea of not guilty before the county judge in Shelby
County.”  However, bald assertions by Appellant in an affidavit are
insufficient, by themselves, to overcome the presumption of regularity in the
records and the recitals in the judgment itself.  See Alvear v. State,
25 S.W.3d 241, 246 (Tex. App.–San Antonio 2000, no pet.).  

Appellant
points out that the trial court’s docket sheet does not contain a notation of
an appearance or a not guilty plea.  However, the clerk’s record contains only
the district court’s docket sheet, and not the docket sheet from the
transferring county court.[1]  Moreover, docket sheets are
inherently unreliable.  See Kerr v. State, 83 S.W.3d 832,
833 (Tex. App.–Texarkana 2002, no pet.) (docket sheet entry not sufficient to
establish guilty plea was entered by defendant since “the docket sheet is not
part of the record and the record, not the docket entry, is the authoritative
evidence upon which the parties must rely on appeal”); see also Pifer
v. State, 893 S.W.2d 109, 111 (Tex. App.–Houston [1st Dist.] 1995, pet.
ref'd) (agreeing with other intermediate appellate courts that docket sheet is
not part of record and that record, not docket entry, is authoritative evidence
upon which parties must rely on appeal).  

Without
sufficient evidence to the contrary, the recitation in the written order that
Appellant pleaded not guilty controls the disposition of this issue.  As a
result, we cannot conclude that the county court failed to follow article 4.17
when transferring Appellant’s case to the district court.  See Tex. Code Crim. Proc. Ann. art. 4.17. 
Therefore, the district court had jurisdiction of the case, and Appellant’s
conviction is not void.  Appellant’s third issue is overruled.

 

Denial of Motion for New Trial Hearing[2]

In
his fourth issue, Appellant contends that the trial court abused its discretion
when it denied him a hearing on his motion for new trial.  He raised this issue
for the first time during oral argument. However, new issues may
not be presented for the first time during oral argument.  See Tex. R. App. P. 39.2; see also Moore
v. State, 165 S.W.3d 118, 121 n.1 (Tex. App.–Fort Worth 2005, no pet.). 
Moreover, Appellant never specifically requested a hearing.  Appellant’s fourth
issue is overruled.

 

Challenges for Cause

            In
his first issue, Appellant contends that the trial court abused its discretion
in denying two of his challenges for cause. 

Standard
of Review and Applicable Law

The
trial court’s denial of Appellant’s challenge of a prospective juror (“venireperson”)
for cause is reviewed for abuse of discretion considering all the venireperson’s
responses on voir dire as a whole.  Swearingen v. State, 101
S.W.3d 89, 98-99 (Tex. Crim. App. 2003).  When the record does not contain a
clearly objectionable declaration by the venireperson, or the record
demonstrates equivocal responses by the venireperson, the reviewing court
should accord great deference to the decision of the trial judge, who is in the
best position to evaluate the venireperson’s demeanor and responses.  Id.
at 99.

“A
challenge for cause is an objection made to a particular juror, alleging some
fact which renders the juror incapable or unfit to serve on the jury.”  Tex. Code Crim. Proc. Ann.
art. 35.16(a) (Vernon 2006).  A
defendant may challenge any venireperson who has a bias or prejudice against
some phase of the law upon which the defendant is entitled to rely.  Id. art. 35.16(c)(2).  Bias against the
law is the refusal to consider or apply the relevant law, which means the venireperson’s
beliefs or opinions would prevent or substantially impair the performance of
her duties as a juror.  Sadler v. State, 977 S.W.2d 140, 142
(Tex. Crim. App. 1998).

The
burden is on the proponent of the challenge for cause to establish that the
challenge is proper.  Feldman v. State, 71 S.W.3d 738, 747 (Tex.
Crim. App. 2002), overruled by statute on other grounds, Coleman
v. State, No. AP-75,478, 2009 WL 4696064 (Tex. Crim. App. Dec. 09,
2009) (per curiam).  This burden is not met until the proponent has
demonstrated that the panel member understood the requirements of the law and
was not able to overcome her prejudice well enough to follow the law.  Id.
 In other words, “[b]efore a prospective juror can be excused for cause . . .
the law must be explained to [her] and [she] must be asked whether [she] can
follow that law regardless of [her] personal views.”  Id. at 744.

Venireperson
Wilma Richard

            Appellant
argues that the trial court abused its discretion in overruling his challenge
for cause to venireperson Wilma Richard.  During voir dire, Richard stated that
“[w]hat’s confusing to me is that you keep saying he doesn’t have to – the guilty
party – well, the supposedly guilty party doesn’t have to prove anything. I
don’t understand that.”  She later stated that she thought it was unfair for
the State to have such a high burden and that Appellant did not have to prove
anything.  During the individual questioning, the following colloquy
transpired:

 

[DEFENSE COUNSEL]: Ms. Richard, I
believe your statement was that he be required to prove his innocence; is that
correct?

 

VENIREMEMBER (Richard): No. I
said I don’t understand why he wouldn’t be required to show some proof.

 

[DEFENSE COUNSEL]: Yes, ma’am.

 

VENIREMEMBER (Richard): Because
you kept saying the burden was not on him.

 

[DEFENSE COUNSEL]: Under the law
the burden of proof is always on the State, and never shifts to the defendant.
But, if you feel that way, and you know you would hold that against him, then,
we just simply need to know that. That is not the law; he does not have to
prove anything.

 

VENIREMEMBER (Richard): I
wouldn’t hold it against him; but I just didn’t know that was the law.

 

COURT: Let me ask you this way,
Ms. Richard.

 

VENIREMEMBER (Richard): Yes.

 

COURT: You will be instructed if
you are a juror, that the defendant is not required to prove anything at all.

 

VENIREMEMBER (Richard): Uh-huh.

 

COURT: And that is not to be
taken as a circumstance against him. 

 

VENIREMEMBER (Richard): I
understand that.

 

COURT: Can you follow that
instruction?

 

VENIREMEMBER (Richard): Yes, I
can.

 

 

The
above excerpt shows that, initially, Richard did not understand the presumption
of innocence and how it applied to Appellant.  Once the burden of proof and the
presumption of innocence were explained to Richard, she stated that she could
follow the instruction relating to those matters.  Therefore, the trial court did
not err in overruling Appellant’s challenge for cause to Richard.  See Cockrum
v. State, 758 S.W.2d 577, 586-87 (Tex. Crim. App. 1988).  

Venireperson
Resa Walters

            Appellant
also argues that the trial court abused its discretion in overruling his challenge
for cause to venireperson Resa Walters.  During voir dire, Walters stated that
no honest person would refuse to provide a breath sample.  Defense counsel
propounded reasons that a nonintoxicated person might refuse to provide a
sample. Specifically, counsel stated a person might have a legitimate fear that
the machine was working improperly and could result in a false positive.  On
individual voir dire before the trial court, the following discussion took
place:

 

[DEFENSE COUNSEL]: You made the
statement that no honest person would refuse to take the breath test. You made
that statement.

 

VENIREMEMBER (Walters): Okay.

 

[DEFENSE COUNSEL]: Now, in this
case, it will show that Mr. Nix did not take it.

 

VENIREMEMBER (Walters): Uh-huh.

 

[DEFENSE COUNSEL]: Is that going
to be a circumstance that you are going to find him guilty because he did not
do that?

 

VENIREMEMBER (Walters): I had not
thought there might be other reasons prior to that question that there may be
other reasons to not take a test. I don’t have much knowledge about that. And
so, I wouldn’t know of a reason not to take the test, before that question was
asked. So, I think if you knew that you were being dishonest about something,
that’s it’s better to be honest about something. So, that’s kind of two
different things.

 

[DEFENSE COUNSEL]: Okay. So,
after you heard the explanation there may be some other reasons--

 

VENIREMEMBER (Walters): I could
respect someone’s choice and their right not to take the test.

 

[DEFENSE COUNSEL]: Okay.

 

VENIREMEMBER (Walters): I think
it’s more—I think what I was trying, maybe to answer, is more about being
honest.

 

[DEFENSE COUNSEL]: Okay. That’s
all I have, Your Honor.

 

COURT: Okay. Two things. He’s not
being tried for being dishonest.

 

VENIREMEMBER (Walters): Okay.

 

COURT: That’s not the crime
alleged here. So, keep that in mind. And the choice of taking a breath test is
a choice that he made.

 

VENIREMEMBER (Walters): Right.

 

COURT: Apparently that’s
stipulated. And what I’m asking is have you already formed an opinion as to his
guilt or innocence based on that?

 

VENIREMEMBER (Walters): For not
taking the test?

 

COURT: Right.

 

VENIREMEMBER (Walters): No, sir. 

 

 

            Thus,
Walters initially thought that no honest person would refuse a breath test, and
stated that she would hold that fact against Appellant.  However, after defense
counsel explained why a person might legitimately refuse to provide a breath
sample, and after further questioning, Walters relented.  She not only stated
that she failed to consider that there might be legitimate reasons to refuse to
take the test, but she also declared she would not hold the refusal against
Appellant.  The trial court did not err in overruling Appellant’s challenge for
cause to Walters.  See Martinez v. State, No. 13-01-00107-CR, 2002
WL 91318, at *4-5 (Tex. App.–Corpus Christi Jan. 24, 2002, no pet.) (not
designated for publication).

Conclusion

Having
reviewed the record as a whole, we hold that the trial court did not abuse its discretion
in denying Appellant’s challenges for cause to venirepersons Richard and
Walters.  Appellant’s first issue is overruled.

 

Admissibility of Grand Jury Testimony

            In
his second issue, Appellant argues that the trial court reversibly erred in
admitting his grand jury testimony from another proceeding because he was not
provided the warnings in article 38.22 of the Texas Code of Criminal Procedure,
and in particular, “his right to end the testimony at any time.”  See Tex. Code Crim. Proc. Ann. art. 38.22
§2 (a)(5) (Vernon 2005).

            The
State provided oral and written warnings under article 20.17 to Appellant prior
to his testimony before the grand jury.  See Tex. Code Crim. Proc. Ann. art. 20.17 (Vernon 2005).[3] Appellant was
not subpoenaed before the grand jury, he voluntarily asked to appear before the
grand jury, and he appeared before the grand jury while his attorney remained
in the hall.  Appellant answered all questions asked of him and made a lengthy
statement to the grand jury to conclude those proceedings 

            The
warnings found in article 38.22 apply only to custodial interrogations.  See
Miranda v. Arizona, 384 U.S. 436, 444-45, 86 S. Ct. 1602, 1612, 16
L. Ed. 2d 694 (1966); Tex. Code Crim.
Proc. Ann. art. 38.22 §§ 2, 3 (Vernon 2005).  The more extensive article
38.22 warnings do not apply to grand jury investigations because individuals in
“custody” have broader rights than grand jury witnesses.  See Kale v.
State, No. 12-05-00051-CR, 2006 WL 1791699, at *1-2 (Tex. App.–Tyler
June 30, 2006, no pet.) (mem. op., not designated for publication).  Appellant
concedes that his grand jury testimony does not equate to a custodial
interrogation.  Therefore, he was not entitled to the warnings under article
38.22.  See id., 2006 WL 1791699, at *2. 
Appellant’s second issue is overruled.

 

Disposition

            We
affirm the judgment of the trial court. 

 

                                                                                                Sam Griffith

                                                                                                        
Justice

 

 

 

Opinion delivered May 19, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









                [1] Additionally, there is no
evidence in the record relating to whether the county court maintained a docket
sheet or otherwise made any notations about what occurred in that court.

 





                [2] Appellant filed a motion for
leave to file a post-submission letter brief or cite letter.  The State
requested leave to file a response. We grant those motions and have considered
the post-submission briefs in issuing this opinion.





                [3] This statute requires that an
accused or suspected person being questioned by the grand jury must first be
told the offense of which he is suspected or accused, the county where the
offense is said to have been committed, and the approximate time the offense
was committed.  See Tex. Code
Crim. Proc. Ann. art. 20.17(a).  Additional warnings are required if a
person is subpoenaed to appear before a grand jury.  See id. art.
20.17(c).