# NO. 12-09-00126-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JERRY BOB NIX,* *APPELLANT* | § | *APPEAL FROM THE 123RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SHELBY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jerry Bob Nix appeals his conviction for driving while intoxicated ("DWI"). He raises four issues on appeal. We affirm.

## BACKGROUND

At approximately 11:45 p.m. on May 18, 2007, Department of Public Safety Trooper Jake LeBlanc noticed a white pickup truck pull out of the Sundowner, a local bar in Center, Texas. Trooper LeBlanc testified that he paid special attention to the vehicle because an excessive amount of time elapsed before it entered the roadway even though the road was clear. The vehicle entered State Highway 96 in front of the trooper. After Trooper LeBlanc observed the vehicle swerve into the lane of opposing traffic on two occasions, he initiated a traffic stop. When Appellant, the driver, rolled down his window, Trooper LeBlanc detected the odor of alcohol emanating from the vehicle. He also observed an open beer container in the driver's side center console. Appellant agreed to exit the vehicle, but stated that he would not be able to perform any standardized tests because he was a sixty-six year old man with bad hips that he had broken twice. Appellant stated that he had been drinking since around 5:00 p.m., and he eventually admitted to drinking at least five or six beers that day. Nevertheless, he insisted that

1

he did not have too much to drink and was not intoxicated. Due to Appellant's disability, Trooper LeBlanc asked him to perform the field sobriety tests that did not require mobility, including the horizontal gaze nystagmus ("HGN") test and the finger counting test. According to the trooper, Appellant refused to perform the HGN and unsuccessfully completed the finger counting test. Appellant refused to provide a breath specimen.

Based on his observations, Trooper Le Blanc arrested Appellant for DWI, enhanced by his possession of an open container at the time of the offense. The jury convicted him of DWI and the enhancement was found to be true. The trial court assessed punishment at confinement for 180 days, probated for one year, and a fine of $800.00. Appellant timely appealed.

## JURISDICTION

In his third issue, Appellant contends the trial court was without jurisdiction to resolve his case, and consequently, his conviction is void.

### Relevant Facts

On September 17, 2007, Appellant was charged by information with DWI in the Shelby County Court. The county judge was not a licensed attorney. On the same day, the State filed its "Motion to Transfer Misdemeanor to District Court." The county court signed the transfer order on September 18, 2007. Once transferred to the 273rd Judicial District Court of Shelby County, Appellant's case was assigned a new cause number. The parties proceeded before the district court. After being convicted of DWI, Appellant filed a motion for new trial in which he complained for the first time that the district court did not have jurisdiction over the cause. The trial court denied the motion for new trial by written order signed on May 12, 2009.

### Standard of Review and Applicable Law

County courts "shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the justice court. . . ." TEX. CODE CRIM. PROC. ANN. art 4.07 (Vernon 2005); *see also* TEX. GOV'T CODE ANN. § 26.045(a) (Vernon Supp. 2009). County courts have jurisdiction of misdemeanor DWI offenses occurring within that county. *See Mapes v. State*, 187 S.W.3d 655, 658 (Tex. App.–Houston [14th Dist.] 2006, pet. ref'd). District courts "shall have original jurisdiction in criminal cases of the grade of felony . . . and of misdemeanor cases transferred to the district court under Article 4.17 of this code." TEX. CODE CRIM. PROC. ANN. art 4.05 (Vernon 2005). Article 4.17 allows the county court to transfer misdemeanor

2

cases to district courts under certain circumstances, and states in relevant part as follows:

> On a plea of not guilty to a misdemeanor offense punishable by confinement in jail, entered in a county court of a judge who is not a licensed attorney, on the motion of the state or the defendant, the judge may transfer the case to a district court having jurisdiction in the county . . . presided over by a judge who is a licensed attorney.

TEX. CODE CRIM. PROC. ANN. art. 4.17 (Vernon 2005). Once the requisites of article 4.17 are met, the decision to transfer is nevertheless discretionary. *See Wolff v. Thornton*, 670 S.W.2d 764, 766 (Tex. App.–Houston [1st Dist.] 1984, no pet.).

**Discussion**

Appellant argues that pursuant to article 4.17, under principles of statutory construction, a county court has no authority to transfer a misdemeanor case to a district court prior to a plea of not guilty. He likewise contends that he did not plead not guilty before the county court transferred the case, and therefore, his conviction obtained after transfer to the district court is void for lack of jurisdiction.

We need not decide that issue because the transfer order recites that Appellant pleaded not guilty. Recitations in a written order are conclusive absent direct evidence to the contrary. *See Breazeale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984); *see also* TEX. R. APP. P. 44.2(c)(4). Specifically, the transfer order states that on September 18, 2007, Appellant "entered a plea of not guilty to a misdemeanor offense punishable by confinement in jail in county court before the undersigned Shelby County Judge who is not a licensed attorney." The only contrary evidence in the record is Appellant's affidavit in which he states that he "never entered a plea of not guilty before the county judge in Shelby County." However, bald assertions by Appellant in an affidavit are insufficient, by themselves, to overcome the presumption of regularity in the records and the recitals in the judgment itself. *See Alvear v. State*, 25 S.W.3d 241, 246 (Tex. App.–San Antonio 2000, no pet.).

Appellant points out that the trial court's docket sheet does not contain a notation of an appearance or a not guilty plea. However, the clerk's record contains only the district court's docket sheet, and not the docket sheet from the transferring county court.[1] Moreover, docket

---

[1] Additionally, there is no evidence in the record relating to whether the county court maintained a docket sheet or otherwise made any notations about what occurred in that court.

sheets are inherently unreliable. *See Kerr v. State*, 83 S.W.3d 832, 833 (Tex. App.–Texarkana 2002, no pet.) (docket sheet entry not sufficient to establish guilty plea was entered by defendant since "the docket sheet is not part of the record and the record, not the docket entry, is the authoritative evidence upon which the parties must rely on appeal"); *see also Pifer v. State*, 893 S.W.2d 109, 111 (Tex. App.–Houston [1st Dist.] 1995, pet. ref'd) (agreeing with other intermediate appellate courts that docket sheet is not part of record and that record, not docket entry, is authoritative evidence upon which parties must rely on appeal).

Without sufficient evidence to the contrary, the recitation in the written order that Appellant pleaded not guilty controls the disposition of this issue. As a result, we cannot conclude that the county court failed to follow article 4.17 when transferring Appellant's case to the district court. *See* TEX. CODE CRIM. PROC. ANN. art. 4.17. Therefore, the district court had jurisdiction of the case, and Appellant's conviction is not void. Appellant's third issue is overruled.

## DENIAL OF MOTION FOR NEW TRIAL HEARING[2]

In his fourth issue, Appellant contends that the trial court abused its discretion when it denied him a hearing on his motion for new trial. He raised this issue for the first time during oral argument. However, new issues may not be presented for the first time during oral argument. *See* TEX. R. APP. P. 39.2; *see also Moore v. State*, 165 S.W.3d 118, 121 n.1 (Tex. App.–Fort Worth 2005, no pet.). Moreover, Appellant never specifically requested a hearing. Appellant's fourth issue is overruled.

## CHALLENGES FOR CAUSE

In his first issue, Appellant contends that the trial court abused its discretion in denying two of his challenges for cause.

### Standard of Review and Applicable Law

The trial court's denial of Appellant's challenge of a prospective juror ("venireperson") for cause is reviewed for abuse of discretion considering all the venireperson's responses on voir dire as a whole. *Swearingen v. State*, 101 S.W.3d 89, 98-99 (Tex. Crim. App. 2003). When the

---

[2] Appellant filed a motion for leave to file a post-submission letter brief or cite letter. The State requested leave to file a response. We grant those motions and have considered the post-submission briefs in issuing this opinion.

record does not contain a clearly objectionable declaration by the venireperson, or the record demonstrates equivocal responses by the venireperson, the reviewing court should accord great deference to the decision of the trial judge, who is in the best position to evaluate the venireperson's demeanor and responses. *Id.* at 99.

"A challenge for cause is an objection made to a particular juror, alleging some fact which renders the juror incapable or unfit to serve on the jury." TEX. CODE CRIM. PROC. ANN. art. 35.16(a) (Vernon 2006). A defendant may challenge any venireperson who has a bias or prejudice against some phase of the law upon which the defendant is entitled to rely. *Id.* art. 35.16(c)(2). Bias against the law is the refusal to consider or apply the relevant law, which means the venireperson's beliefs or opinions would prevent or substantially impair the performance of her duties as a juror. *Sadler v. State*, 977 S.W.2d 140, 142 (Tex. Crim. App. 1998).

The burden is on the proponent of the challenge for cause to establish that the challenge is proper. *Feldman v. State*, 71 S.W.3d 738, 747 (Tex. Crim. App. 2002), *overruled by statute on other grounds*, *Coleman v. State*, No. AP-75,478, 2009 WL 4696064 (Tex. Crim. App. Dec. 09, 2009) (per curiam). This burden is not met until the proponent has demonstrated that the panel member understood the requirements of the law and was not able to overcome her prejudice well enough to follow the law. *Id.* In other words, "[b]efore a prospective juror can be excused for cause . . . the law must be explained to [her] and [she] must be asked whether [she] can follow that law regardless of [her] personal views." *Id.* at 744.

## Venireperson Wilma Richard

Appellant argues that the trial court abused its discretion in overruling his challenge for cause to venireperson Wilma Richard. During voir dire, Richard stated that "[w]hat's confusing to me is that you keep saying he doesn't have to – the guilty party – well, the supposedly guilty party doesn't have to prove anything. I don't understand that." She later stated that she thought it was unfair for the State to have such a high burden and that Appellant did not have to prove anything. During the individual questioning, the following colloquy transpired:

> [DEFENSE COUNSEL]: Ms. Richard, I believe your statement was that he be required to prove his innocence; is that correct?
>
> VENIREMEMBER (Richard): No. I said I don't understand why he wouldn't be required to show some proof.

5

[DEFENSE COUNSEL]: Yes, ma'am.

VENIREMEMBER (Richard): Because you kept saying the burden was not on him.

[DEFENSE COUNSEL]: Under the law the burden of proof is always on the State, and never shifts to the defendant. But, if you feel that way, and you know you would hold that against him, then, we just simply need to know that. That is not the law; he does not have to prove anything.

VENIREMEMBER (Richard): I wouldn't hold it against him; but I just didn't know that was the law.

COURT: Let me ask you this way, Ms. Richard.

VENIREMEMBER (Richard): Yes.

COURT: You will be instructed if you are a juror, that the defendant is not required to prove anything at all.

VENIREMEMBER (Richard): Uh-huh.

COURT: And that is not to be taken as a circumstance against him.

VENIREMEMBER (Richard): I understand that.

COURT: Can you follow that instruction?

VENIREMEMBER (Richard): Yes, I can.

The above excerpt shows that, initially, Richard did not understand the presumption of innocence and how it applied to Appellant. Once the burden of proof and the presumption of innocence were explained to Richard, she stated that she could follow the instruction relating to those matters. Therefore, the trial court did not err in overruling Appellant's challenge for cause to Richard. *See **Cockrum v. State***, 758 S.W.2d 577, 586-87 (Tex. Crim. App. 1988).

## Venireperson Resa Walters

Appellant also argues that the trial court abused its discretion in overruling his challenge for cause to venireperson Resa Walters. During voir dire, Walters stated that no honest person would refuse to provide a breath sample. Defense counsel propounded reasons that a nonintoxicated person might refuse to provide a sample. Specifically, counsel stated a person might have a legitimate fear that the machine was working improperly and could result in a false positive. On individual voir dire before the trial court, the following discussion took place:

[DEFENSE COUNSEL]: You made the statement that no honest person would refuse to take the breath test. You made that statement.

6

VENIREMEMBER (Walters): Okay.

[DEFENSE COUNSEL]: Now, in this case, it will show that Mr. Nix did not take it.

VENIREMEMBER (Walters): Uh-huh.

[DEFENSE COUNSEL]: Is that going to be a circumstance that you are going to find him guilty because he did not do that?

VENIREMEMBER (Walters): I had not thought there might be other reasons prior to that question that there may be other reasons to not take a test. I don't have much knowledge about that. And so, I wouldn't know of a reason not to take the test, before that question was asked. So, I think if you knew that you were being dishonest about something, that's it's better to be honest about something. So, that's kind of two different things.

[DEFENSE COUNSEL]: Okay. So, after you heard the explanation there may be some other reasons--

VENIREMEMBER (Walters): I could respect someone's choice and their right not to take the test.

[DEFENSE COUNSEL]: Okay.

VENIREMEMBER (Walters): I think it's more—I think what I was trying, maybe to answer, is more about being honest.

[DEFENSE COUNSEL]: Okay. That's all I have, Your Honor.

COURT: Okay. Two things. He's not being tried for being dishonest.

VENIREMEMBER (Walters): Okay.

COURT: That's not the crime alleged here. So, keep that in mind. And the choice of taking a breath test is a choice that he made.

VENIREMEMBER (Walters): Right.

COURT: Apparently that's stipulated. And what I'm asking is have you already formed an opinion as to his guilt or innocence based on that?

VENIREMEMBER (Walters): For not taking the test?

COURT: Right.

VENIREMEMBER (Walters): No, sir.

Thus, Walters initially thought that no honest person would refuse a breath test, and stated that she would hold that fact against Appellant. However, after defense counsel explained why a person might legitimately refuse to provide a breath sample, and after further questioning, Walters relented. She not only stated that she failed to consider that there might be legitimate reasons to refuse to take the test, but she also declared she would not hold the refusal against

7

Appellant. The trial court did not err in overruling Appellant's challenge for cause to Walters. *See Martinez v. State*, No. 13-01-00107-CR, 2002 WL 91318, at *4-5 (Tex. App.–Corpus Christi Jan. 24, 2002, no pet.) (not designated for publication).

## Conclusion

Having reviewed the record as a whole, we hold that the trial court did not abuse its discretion in denying Appellant's challenges for cause to venirepersons Richard and Walters. Appellant's first issue is overruled.

**ADMISSIBILITY OF GRAND JURY TESTIMONY**

In his second issue, Appellant argues that the trial court reversibly erred in admitting his grand jury testimony from another proceeding because he was not provided the warnings in article 38.22 of the Texas Code of Criminal Procedure, and in particular, "his right to end the testimony at any time." *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 §2 (a)(5) (Vernon 2005).

The State provided oral and written warnings under article 20.17 to Appellant prior to his testimony before the grand jury. *See* TEX. CODE CRIM. PROC. ANN. art. 20.17 (Vernon 2005).[3] Appellant was not subpoenaed before the grand jury, he voluntarily asked to appear before the grand jury, and he appeared before the grand jury while his attorney remained in the hall. Appellant answered all questions asked of him and made a lengthy statement to the grand jury to conclude those proceedings

The warnings found in article 38.22 apply only to custodial interrogations. *See Miranda v. Arizona*, 384 U.S. 436, 444-45, 86 S. Ct. 1602, 1612, 16 L. Ed. 2d 694 (1966); TEX. CODE CRIM. PROC. ANN. art. 38.22 §§ 2, 3 (Vernon 2005). The more extensive article 38.22 warnings do not apply to grand jury investigations because individuals in "custody" have broader rights than grand jury witnesses. *See Kale v. State*, No. 12-05-00051-CR, 2006 WL 1791699, at *1-2 (Tex. App.–Tyler June 30, 2006, no pet.) (mem. op., not designated for publication). Appellant concedes that his grand jury testimony does not equate to a custodial interrogation. Therefore, he was not entitled to the warnings under article 38.22. *See id.*, 2006 WL 1791699, at *2. Appellant's second issue is overruled.

---

[3] This statute requires that an accused or suspected person being questioned by the grand jury must first be told the offense of which he is suspected or accused, the county where the offense is said to have been committed, and the approximate time the offense was committed. *See* TEX. CODE CRIM. PROC. ANN. art. 20.17(a). Additional warnings are required if a person is subpoenaed to appear before a grand jury. *See id.* art. 20.17(c).

## DISPOSITION

We *affirm* the judgment of the trial court.

**SAM GRIFFITH**
Justice

Opinion delivered May 19, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)