

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00064-CR

_____

E X P A R T E S U L I A L A W R E N C E B R O W N

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1503867

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

We decide how long the State may commit Sulia Lawrence Brown, who as a 12-year-old in 2012 was accused of having engaged in "delinquent conduct"[1] (aggravated sexual assault of a child under 14 years old, a first-degree felony) and who filed an application for a habeas corpus writ in June 2018 shortly after turning 19 the previous month, and

- against whom the State did not seek grand-jury approval to assess a determinate sentence,

- whom the juvenile court found "unfit to proceed"[2] about two weeks after the State had filed its petition and whom the juvenile court later ordered committed to a residential-care facility,

- whom the juvenile court transferred to a criminal district court in June 2017 because Brown was about to age out of the juvenile system,

- against whom the State then filed a mere complaint,[3]

---

[1]In juvenile court, minors are accused of engaging in either "delinquent conduct" (which includes penal-law violations punishable by imprisonment or by confinement in jail) or "conduct indicating a need for supervision." *See* Tex. Fam. Code Ann. § 51.03(a), (b).

[2]*See* Tex. Fam. Code Ann. § 55.31(a) (using "unfit to proceed" terminology).

[3]The State's choosing a complaint as its charging instrument is perplexing for two reasons.

First, a complaint is a charging instrument that applies (with a few exceptions) only to Class C misdemeanors. Tex. Code Crim. Proc. Ann. arts. 2.05, 12.02(b), 27.14(d), 45.018, 45.019; *see Nam Hoai Le v. State*, 963 S.W.2d 838, 842–43 (Tex. App.—Corpus Christi–Edinburg 1998, pet. ref'd.) (distinguishing a "complaint" as a charging instrument and a "complaint" as a document supporting an information); *Bell v. State*, 734 S.W.2d 83, 84 (Tex. App.—Austin 1987, no pet.) ("Proceedings in

2

- whom the criminal district court found incompetent in December 2017 and whom the court ordered committed to a residential-care facility, and

- whom the parties do not expect to ever become competent.

While Brown remains incompetent to stand trial, the parties dispute how long he must remain committed in a residential-care facility:

- Brown maintains that the State should have released him on his 19th birthday.

- The State contends that if Brown never becomes competent, he may be committed up to 40 years, until he is 52 years old.

---

municipal court are commenced by the filing of a complaint. The prosecutor was not required to file an information in this cause because a complaint suffices as a valid charging instrument in municipal court. The filing of a complaint confers jurisdiction upon the court." (citations omitted.)). The Penal Code does not authorize confinement of any length for a Class C misdemeanor; its punitive limit is a fine not to exceed $500. Tex. Penal Code Ann. § 12.23. Here, between the charging instrument that the State chose and the 40 years for which the State seeks to commit Brown lies an unbridgeable chasm.

Second, no adult charging instrument (an indictment, an information, or a complaint) would appear to have been appropriate because—as we discuss later in the opinion—Brown could not be tried as an adult. *See* Tex. Fam. Code. Ann. § 54.02(a)(2), (h), (j)(2). The State does not explain why its juvenile petition and the juvenile court's transfer order did not suffice to invest the district court with jurisdiction over the cause. *See generally Trejo v. State*, 280 S.W.3d 258, 260 (Tex. Crim. App. 2009 ) ("Subject-matter jurisdiction depends not only on the grant of authority to the trial court in the Constitution and the statutes, but also on its being invoked for the particular case before the court by the State's pleadings."); *Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex. Crim. App. [Panel Op.] 1980, orig. proceeding) ("Jurisdiction of the subject matter cannot be conferred by agreement; this type of jurisdiction exists by reason of the authority vested in the court by the Constitution and statutes.").

3

The trial court agreed with the State and denied Brown's application. We reverse the trial court's order and remand the cause to the trial court for further proceedings consistent with this opinion.

## I. Standard of Review

Generally, when the trial court denies an application for writ of habeas corpus, we review that denial under an abuse-of-discretion standard. *Ex parte Walsh*, 530 S.W.3d 774, 778 (Tex. App.—Fort Worth 2017, no pet.). But when the decision does not turn on weighing witness credibility or demeanor but turns instead on applying the law to the facts, an abuse-of-discretion standard is not necessarily appropriate. *See Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). When the trial judge is not in an appreciably better position than the reviewing court, we apply a de novo review. *Martin*, 6 S.W.3d at 526. For the same reason, we review legal questions of statutory construction de novo. *See Spence v. State*, 325 S.W.3d 646, 650 (Tex. Crim. App. 2010). If any applicable legal theory supports the trial court's order, we will uphold it. *Walsh*, 530 S.W.3d at 778.

## II. The Dispositive Statute

The length of time that the State may confine Brown in a residential-care facility is governed by Article 46B.0095(a) of the Code of Criminal Procedure:

> a defendant may not . . . be committed to a mental hospital or other inpatient or residential facility . . . for a cumulative period that exceeds

4

the maximum term provided by law for the offense for which the defendant was to be tried . . . .

Tex. Code Crim. Proc. art. 46B.0095(a).

## III. The Adult Sentencing Scheme

Aggravated sexual assault of a child is a first-degree offense. *See* Tex. Penal Code. Ann. § 22.021(a)(1)(B), (a)(2)(B), (e). The "maximum term provided by law" for a first-degree felony is "imprisonment . . . for life or for any term of not more than 99 years." *Id.* § 12.32(a).

But the trial court concluded, correctly, that the life-or-99-years maximum applies only to adults or—as set out in the Family Code—to children whom the juvenile court has certified to stand trial as an adult and who have been transferred to a district court. *See* Tex. Fam. Code Ann. § 54.02(h).

From this, the trial court, the State, and Brown all appear to agree that "the maximum term provided by law" does not alone decide the issue at hand. *See* Tex. Code Crim. Proc. art. 46B.0095(a).

## IV. The Juvenile Disposition Scheme

Unlike the adult punishment scheme, the juvenile disposition[4] scheme is not so straightforward.

If certain criteria are met, the juvenile court can waive its jurisdiction and transfer the juvenile to a criminal court to be tried as an adult. *See* Tex. Fam. Code.

---

[4]Juveniles have "disposition" hearings, not punishment hearings. *See* Tex. Fam. Code Ann. § 54.04.

5

Ann. § 54.02(h) ("On transfer of the [juvenile] for criminal proceedings, the [juvenile] shall be dealt with as an adult and in accordance with the Code of Criminal Procedure . . . ."). But because Brown was only 12 when he allegedly engaged in the delinquent conduct, transferring him to the district court to be tried as an adult was never an option, *see id.* § 54.02(a)(2), (j)(2), whether he was fit or unfit to stand trial, competent or incompetent. His age alone kept him from ever being tried as an adult.

For delinquent conduct involving certain offenses—such as the one Brown allegedly committed—that remain in the juvenile court, the State has the option of seeking a determinate sentence, one that has a maximum term of years depending on the offense's severity. *See id.* § 53.045 ("Offenses Eligible for Determinate Sentence"), (a)(5) (listing aggravated sexual assault). In this way, to complete the disposition—to complete the determinate sentence—a juvenile may be held past his 19th birthday, when otherwise the Texas Juvenile Justice Department would "discharge [the juvenile] from its custody" at that time. *See* Tex. Hum. Res. Code Ann. § 245.151(d).

But to get a determinate sentence for a juvenile, the State must petition the grand jury and obtain its approval. *See* Tex. Fam. Code Ann. § 53.045(a), (d). If the grand jury approves a determinate sentence, the maximum disposition that a juvenile can receive for a first-degree felony such as aggravated sexual assault of a child under 14 years old is 40 years. *See id.* § 54.04(d)(3)(A)(ii). In a determinate-sentence situation, a juvenile is initially committed to the Texas Juvenile Justice Department with a possible transfer to the Texas Department of Criminal Justice. *Id.* § 54.04(d)(3).

6

Additionally, assuming grand-jury approval of a determinate sentence, the State's juvenile petition is deemed an indictment when the juvenile is later transferred to the adult penitentiary. *Id.* § 53.045(d);[5] *see id.* § 54.11(a), (i)(2) (transferring juvenile from TJJD to TDCJ to complete determinate sentence); Tex. Hum. Res. Code Ann. § 245.151(e) (addressing transferring determinate-sentence person to TDCJ on the person's 19th birthday).

But as noted, if the State does not get grand-jury approval for a determinate sentence, the maximum disposition that a juvenile can receive in the juvenile court extends only to his 19th birthday. *See* Tex. Hum. Res. Code Ann. § 245.151(d).

## V. Discussion

In the district court, the State argued that extenuating circumstances prevented it from seeking a determinate sentence.

For example, the State argued that because a determinate sentence has serious consequences for a juvenile, it needed time to investigate before deciding to go that route. The State did not want to be put in the position where it must "force a determinate sentence on every child." The prosecutor explained:

> Just for background information, with regard to a determinate sentence approval, typically, the State does not—is not in a position to seek a determinate sentence until the case is further along procedurally. A determinate sentence decision is not based solely on the offense, but it's

---

[5]"For the purpose of the transfer of a child to the Texas Department of Criminal Justice . . . , a juvenile court petition approved by a grand jury under this section is an indictment presented by the grand jury." Tex. Fam. Code Ann. § 53.045(d).

7

based on the background of the child, the child's history, his or her mental health, his or her educational background. All of those things factor in to the decision to seek a determinate sentence.

The State maintained that it had insufficient time to investigate and to decide during the roughly two-week period before the juvenile court found Brown unfit to proceed, and the State argued that once that finding was in place, the juvenile court's resulting stay prevented the State from seeking grand-jury approval.[6] *See* Tex. Fam. Code Ann. §§ 55.31(c), 55.32(f)(1).

Ultimately, the district court ruled that the "'maximum term provided by law' for the offense [for which Brown] was to be tried was [40] years" and thus that Brown could be committed in a residential care facility for up to 40 years.

## A. The Parties' Arguments

In a single point, Brown argues that without a grand jury's approving a determinate sentence, any commitment after his 19th birthday is unlawful and is beyond the period that he can be legally detained based on the juvenile-court proceedings.

Throughout the State's brief, it echoed the district court's ruling and contended that 40 years was the maximum term for the offense. And because 40 years was the "maximum term provided by law for the *offense*" (State's emphasis), it dismisses as

---

[6]The parties dispute the stay's scope and whether the State could have worked around the stay with the juvenile court's permission, but we do not resolve those issues. Whatever the reason, the State did not obtain grand-jury approval.

"irrelevant" the proposition that it had to seek and obtain grand-jury approval before it could hold Brown for 40 years.

We agree with Brown and disagree with the State.

## B. No Grand-Jury Approval, No Determinate Sentence

The State argues that forcing it to seek a determinate sentence before it has had a chance to thoroughly investigate the juvenile or the offense is not optimal for either side and that forcing the State to violate a stay to procure a determinate sentence puts it in an untenable position. Although we sympathize with the State's dilemma, we are not persuaded.

The State's desire to investigate a case thoroughly before deciding whether to seek a determinate sentence is premised on its desire to seek justice. *See* Tex. Code Crim. Proc. Ann. art. 2.01. Investigating before deciding is commendable; not every juvenile who commits a first-degree felony deserves a determinate sentence, whatever the length. The stay's purpose is presumably also to seek justice, by halting proceedings that may hurt the juvenile during the time he is unfit to proceed.

But the State then extrapolates that Article 46B.0095(a) authorizes committing Brown for up to 40 years because 40 years was the maximum possible determinate sentence, despite the State's not having gotten the grand jury's requisite approval for it.[7] *See Bleys v. State*, 319 S.W.3d 857, 862–63 (Tex. App.—San Antonio 2010), *overruled*

---

[7]At trial, the prosecutor affirmed that grand juries decide the juvenile court's jurisdictional punishment scope:

*on other grounds by Moon v. State*, 451 S.W.3d 28, 47 (Tex. Crim. App. 2014);[8] *In re S.D.W.*, 811 S.W.2d 739, 744 (Tex. App.—Houston [1st Dist.] 1991, no writ). To accept the State's argument, we must pretend that something happened when it did not and additionally pretend that the district court had the jurisdiction to assess a 40-year determinate sentence when it did not. *See Bleys*, 319 S.W.3d at 862–63; *S.D.W.*, 811 S.W.2d at 744.

## C. Determinate-Sentence-Eligible Cases, Grand-Jury-Approved Cases, and Section 55.44 Transfer Orders

At the habeas hearing, the State argued that Brown's case was necessarily a determinate-sentence case because only determinate-sentence cases can be properly transferred from the juvenile court to the district court under Section 55.44 of the Family Code, the provision the juvenile court relied on when transferring Brown's

---

> The grand—the grand jury, when—when a juvenile case has been filed and is then taken before a grand jury, the grand jury makes a couple of findings; and one, they—if it is presented to them, they will find whether or not there's probable cause that the offense was committed; and number two, whether or not the grand jury believes that the juvenile should be subject to the indeterminate range of punishment, which is up until the 19th birth date or the determinate range of punishment which is zero to 40 for aggravated sexual assault of a child. And so they are making the jurisdictional—they're making the determination of what that punishment range is.

[8]*Moon* cites *Bleys* for the proposition that appellate courts apply a sufficiency review to both the trial court's factual findings under section 54.02(f) and the trial court's ultimate decision to transfer under section 54.02(a). *Moon*, 451 S.W.3d at 43–44 nn.60 & 62. *Moon* applied a sufficiency review to the factual findings but an abuse-of-discretion review to the trial court's ultimate transfer decision. *Id.* at 47.

10

case. *See* Tex. Fam. Code Ann. § 55.44.[9] We agree that Brown's case was *eligible* for a determinate sentence, but the act of transferring his case to the district court does not transmute it into one in which a determinate sentence was actually authorized.

Moreover, Section 55.44 does not limit transfers to district court of only those juveniles who have been grand-jury-approved to face determinate sentences. Rather,

---

[9]Section 55.44 addresses transferring children whom the juvenile court has referred to inpatient mental-health services or to a residential-care facility:

(a) The juvenile court shall transfer all pending proceedings from the juvenile court to a criminal court on the 18th birthday of a child for whom the juvenile court or a court to which the child's case is referred has ordered inpatient mental health services or residential care for persons with an intellectual disability if:

(1) the child is not discharged or currently on furlough from the facility before reaching 18 years of age; and

(2) the child is alleged to have engaged in delinquent conduct that included a violation of a penal law listed in Section 53.045 and no adjudication concerning the alleged conduct has been made.

(b) The juvenile court shall send notification of the transfer of a child under Subsection (a) to the facility. The criminal court shall, before the 91st day after the date of the transfer, institute proceedings under Chapter 46B, Code of Criminal Procedure. If those or any subsequent proceedings result in a determination that the defendant is competent to stand trial, the defendant may not receive a punishment for the delinquent conduct described by Subsection (a)(2) that results in confinement for a period longer than the maximum period of confinement the defendant could have received if the defendant had been adjudicated for the delinquent conduct while still a child and within the jurisdiction of the juvenile court.

Tex. Fam. Code Ann. § 55.44.

subsection (a)(2) authorizes a transfer of a juvenile who was "alleged to have engaged in delinquent conduct that included a violation of a penal law listed in Section 53.045," as Brown was, and as to whom "no adjudication concerning the alleged conduct has been made." *Id.* § 55.44(a)(2). On its face, this section does not allude to or cross-reference the grand-jury-approval process that Section 53.045 of the Family Code requires for imposing a determinate sentence.

It is only a grand jury's certificate stating that it has approved a determinate sentence that triggers the juvenile court's jurisdiction to impose one. *See Bleys*, 319 S.W.3d at 862–63; *S.D.W.*, 811 S.W.2d at 744. Section 55.44(a)(2) requires only that the alleged delinquent conduct fall within those offenses identified on the determinate-sentence list. By its terms, that section does not expressly limit juvenile transfers to only those juveniles who have been grand-jury-approved to face a determinate sentence. *See* Tex. Fam. Code Ann. § 55.44(a)(2). In short, Section 55.44 authorized Brown's transfer, but nothing in the statute's plain language short-circuits the grand-jury approval that was required to impose a determinate sentence on him.

## D. Results Not Absurd

The State argued in the district court and at oral argument that construing the relevant statutes as Brown argues would lead to absurd results and thus would violate one of the statutory-construction canons. *See Tapps v. State*, 294 S.W.3d 175, 177 (Tex. Crim. App. 2009). We are not persuaded that the results are absurd, particularly

12

because our agreeing with Brown does not mean that he will be released from any confinement after the habeas hearing. Both Brown and the State acknowledged that once he has served the "maximum term provided by law for the offense for which the defendant was to be tried"—whether that be until his 19th birthday (as we conclude) or after 40 years (as the State argued)—extending Brown's confinement could then proceed as a civil-commitment matter. *See* Tex. Code Crim. Proc. art 46B.0095(a) ("maximum term" language), 46B.0095(b).[10] Our holding today does no more than accelerate the timetable for civil-commitment proceedings.

Further, the fact that the various statutes we have discussed do not work perfectly together in such an unusual situation as Brown's does not lead to a nonsensical result. Indeed, the logical leap needed to treat a determinate-sentence-eligible case as a de facto determinate-sentence case strikes us as more absurd.

---

[10]The latter section addresses what happens when the "maximum term" expires:

> (b) On expiration of the maximum restoration period under Subsection (a), the mental hospital, facility, or program provider identified in the most recent order of commitment or order of outpatient competency restoration or treatment program participation under this chapter shall assess the defendant to determine if civil proceedings under Subtitle C or D, Title 7, Health and Safety Code, are appropriate. The defendant may be confined for an additional period in a mental hospital or other facility or may be ordered to participate for an additional period in an outpatient treatment program, as appropriate, only pursuant to civil proceedings conducted under Subtitle C or D, Title 7, Health and Safety Code, by a court with probate jurisdiction.

Tex. Code Crim. Proc. Ann. art. 46B.0095(b).

13

**E.** *Ex parte Reinke*

Brown, the State, and the trial court all cited *Ex parte Reinke*, 370 S.W.3d 387 (Tex. Crim. App. 2012). *Reinke* addressed whether two prior convictions that the State intended to use to enhance the defendant's punishment from 20 years to 99 years or life were to be considered when determining "the maximum term provided by law for the offense for which the defendant was to be tried." *Id.* at 387–88. The answer was no. *See id.* at 389. The court of criminal appeals explained why:

> We hold that the court of appeals correctly determined that the offense "to be tried" is the second-degree offense of attempted murder, which carries a maximum term of twenty years. . . . The legislature clearly knows the difference between enhancing the level of an offense and enhancing the level of punishment. . . . We hold that, for the purpose of competence to be tried, unless the legislature explicitly states that an enhancement increases not only the punishment range but also the level of the charged offense, the level of the offense alleged in the indictment is not altered by the allegation of prior offenses as enhancements.

*Id.* (citations omitted).

Because we are not dealing with prior convictions to enhance either Brown's punishment range or his offense level, *Reinke* is distinguishable procedurally. Despite that, *Reinke* is consistent conceptually because it rejects potential punishments as the standard and focuses on the actual punishment that the defendant could receive for the offense charged—and nothing more. *Id.* Here, unless and until the grand jury approved a determinate sentence, a 40-year sentence was only a potential punishment. *See Bleys*, 319 S.W.3d at 862–63; *S.D.W.*, 811 S.W.2d at 744. And here, if—as happened—a grand jury never approved a determinate sentence and Brown was tried

14

for the delinquent conduct alleged in the State's juvenile petition, the maximum disposition that Brown faced ended on his 19th birthday. *See* Tex. Hum. Res. Code Ann. § 245.151(d). The juvenile petition, standing alone, authorized nothing more. *See Bleys*, 319 S.W.3d at 862–63; *S.D.W.*, 811 S.W.2d at 744.

**F. Holding**

Because the State never obtained grand-jury approval, neither the juvenile court nor the district court had jurisdiction to impose a determinate sentence. *See Bleys*, 319 S.W.3d at 862–63; *S.D.W.*, 811 S.W.2d at 744. For the same reason that Brown was not subject to the adult punishment scheme, he was not subject to the determinate-sentence scheme—neither one applied to him.

If Brown ever becomes competent to stand trial, he "may not receive a punishment for the delinquent conduct . . . that results in confinement for a period longer than the maximum period of confinement [that he] could have received if [he] had been adjudicated for the delinquent conduct while still a child and within the jurisdiction of the juvenile court." *See* Tex. Fam. Code Ann. § 55.44(b). On this record, we hold that "the maximum term provided by law for the offense for which [Brown] was to be tried," assuming the juvenile court had adjudicated Brown delinquent while he was still a child, was until his 19th birthday. *See* Tex. Code Crim. Proc. art. 46B.0095(a); Tex. Fam. Code Ann. § 55.44(b); Tex. Hum. Res. Code Ann. § 245.151(d). Thus, the trial court erred. *See Spence*, 325 S.W.3d at 650; *Martin*, 6 S.W.3d at 526.

We sustain Brown's point.

## VI. Conclusion

Having sustained Brown's point, we reverse the district court's order denying Brown's application and remand the cause to the district court for further proceedings consistent with this opinion. *See Reinke v. State*, 348 S.W.3d 373, 381 (Tex. App.—Austin 2011), *aff'd*, 370 S.W.3d 387 (Tex. Crim. App. 2012).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 17, 2019